**REPUBLIC INSURANCE COMPANY et al.,
Appellants,**

**v.**

**Ira T. SHOTWELL, Jr., et al., Appellees.**

**No. 7648.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 17, 1966.

Rehearing Denied Nov. 14, 1966.

------◆------

Evans, Pharr, Trout & Jones, Lubbock, Charles B. Jones, Lubbock, of counsel, for appellants.

Willard G. Street, Jr., Littlefield, for appellees.

NORTHCUTT, Justice.

Ira T. Shotwell, Jr., and R. E. Maurer, d/b/a Medical Arts Clinic Hospital, as plaintiffs, brought this suit against Mrs. Callie Compton and husband, A. B. Compton, and Republic Insurance Company and Vanguard Insurance Company, as defendants, alleging that Mrs. Callie Compton was injured in a collision with an automobile owned by Roy Bussey and operated by his wife. Plaintiffs allege further that as a result of injury from the accident, Mrs. Compton was brought to Medical Arts Clinic Hospital in Littlefield, Texas, and that she incurred a hospital bill as a result of treatment for the injuries. The plaintiffs allege further that the hospital properly filed a hospital lien under the provisions of Article 5506a, Vernon's Ann.Civ.St.

The defendant insurance companies had issued a policy of insurance providing liability coverage for the Bussey automobile to the extent of $5,000 for injury to one person. The insurance companies settled the claim against the Busseys by payment of $4,000 to Mr. and Mrs. Compton. The hospital lien was filed in the county where the accident occurred before the $4,000 was paid to the Comptons. After the settlement the plaintiffs brought this suit to recover the amount of the hospital bill.

The case was tried to a jury upon special issues. In answer to the special issues the jury found that $14 was a reasonable daily charge for the hospital room without bath; that Mrs. Compton was necessarily confined to her room without bath for twenty-five days; that $16 was a reasonable daily charge for the hospital room with bath; that Mrs. Compton was necessarily confined in a room with bath for eighty-five days; that $608 would fairly and reasonably compensate the hospital for its doctors' services; that $420.50 would fairly and reasonably compensate the hospital for its laboratory tests and X-rays necessarily made upon or for Mrs. Compton; that $519.95 would fairly and reasonably compensate the hospital for its drugs and medicines necessarily dispensed to Mrs. Compton; and that $133 would fairly and reasonably compensate the hospital for the cast room and cast diathermy treatments necessarily furnished to Mrs. Compton. Article 5506a limits the hospital recovery to $15 per day for room charges for no longer than one hundred days.

Judgment was entered reciting the holdings of the jury and then recited concerning the pleadings, the evidence, the jury's verdict in answering the special issues and the argument of counsel. The court was of the opinion further that the plaintiffs should recover of the defendants, Mrs. A. B. (Callie) Compton, individually and as community survivor of A. B. Compton, deceased, and of the defendants, Republic Insurance Company and Vanguard Insurance Company, jointly and severally, the sum of

$1,922.45 and that the plaintiffs should further recover against the defendant, Mrs. A. B. (Callie) Compton, individually and as community survivor of A. B. Compton, deceased, the sum of $1,593 and in addition that the plaintiffs recover of Mrs. Compton, individually and as community survivor of A. B. Compton, deceased, their reasonable attorney's fees in the sum of $750. Judgment was entered in favor of the plaintiffs in the exact manner as set out in the above findings by the court. From that judgment Republic Insurance Company and Vanguard Insurance Company perfected this appeal and will hereafter be referred to as appellants and plaintiffs will hereafter be referred to as appellees. Before considering the points of error here involved let it be shown that neither the appellants or appellees have cited us any authorities determining the matters here involved and neither have we found any.

■ Appellants present this appeal upon three points of error. By the first point of error it is contended the trial court erred in overruling appellants' motion for instructed verdict and its motion for judgment for the reason that nowhere was there any testimony to show that Mrs. Compton had any claim against the insurance companies for the alleged negligence of said companies. This is not an action against appellants to recover because of their negligence. There is no question herein about appellants not being the ones carrying the Bussey insurance. Neither is there any question herein about Mrs. Compton being injured by the negligence of Mrs. Bussey. Appellants must have conceded the fact that Mrs. Bussey caused Mrs. Compton's injuries or they would not have paid Mrs. Compton the $4,000. Appellees do not seek any judgment against appellants because of their negligence but seek to recover from them because after filing the lien the appellants paid the money to Mrs. Compton without the hospital bills being paid in accordance with Article 5506a, V.A.T.S. We overrule appellants' first assignment of error.

■■ By appellants' second point of error it is contended the court erred in overruling appellants' motion for instructed verdict or for judgment in its behalf for the reason that nowhere was there any evidence to show negligence, proximate cause or liability on the part of either Roy Bussey or his wife. We do not believe under the facts of this case that the question of the negligence, proximate cause or liability on the part of either Roy Bussey or his wife are involved in this case. Naturally, Mr. and Mrs. Bussey would not be liable to Mr. and Mrs. Compton for Mrs. Compton's injuries if such injuries were not caused by the negligence of the acts of Mrs. Bussey and such acts were the proximate cause of the injuries. However, in this case it is undisputed that the appellants paid to Mr. and Mrs. Compton $4,000 in settlement of their claim against Mr. and Mrs. Bussey. The question of liability of Mr. and Mrs. Bussey must have been determined by the appellants or they would not have paid the Comptons. Under Article 5506a appellees were entitled to a lien upon any and all rights or actions, suits, claims or demands of the Comptons since they had filed their lien as required under said Article and such lien extended to the proceeds of the settlement made between appellants and the Comptons. Mr. and Mrs. Compton had no claim for any damages as against Mr. and Mrs. Bussey after they had signed the release and accepted the $4,000. The appellants must have been responsible to the Comptons because of the acts of Bussey or they would not have paid for such actions. They should not have paid the Comptons until the hospital bill was paid as the hospital bill would be an item in connection with any recovery the Comptons might have against Bussey. We overrule appellant's second point of error.

By appellants' third point of error it is contended the answers of the jury to Special Issues 2–b, 3, 4 and 5 are without support in the evidence or in the alternative are against the overwhelming weight of the evidence for the reason that the jury's an-

swers as to the amounts of the hospital charges under the undisputed testimony includes charges for treatment of disease or conditions not connected with her injuries.

In answer to 2–b the jury found that Mrs. Compton was necessarily confined in a room with bath for eighty-five days as a proximate result of the injuries in question. As to the answer of the jury to Issues 3, 4 and 5 these were in the amounts above set out except the item of $133. The judgment rendered herein was not in compliance with the findings of the jury. Although the appellees sought to recover judgment herein for the sum of $2,745.45, judgment was granted in favor of appellees in the sum of $1,922.45 as against Mrs. Compton and appellants, jointly and severally, and the further sum of $1,593 as against Mrs. Compton individually making the total judgment against Mrs. Compton being $3,515.45. Mrs. Compton did not appeal from that judgment and we will not consider that further.

We think it is so plainly expressed in Article 5506a that appellees' lien would only apply to services rendered on account of personal injuries received in the accident that no citation of authorities are necessary. It is undisputed in this record that the appellees had been treating Mrs. Compton for kidney trouble and also skin trouble prior to this accident and during the time here involved continued to treat her for those conditions. It is undisputed that she could have left the hospital before she did but she wanted to stay longer. Dr. Shotwell, one of the appellees, testified he could not break down the different charges made by the hospital but they had it in the office. The breakdown was never given in evidence. We are unable from this record to determine how the judgment rendered herein was ever determined. Since the hospital was treating Mrs. Compton for other troubles not connected with the accident at the same time she was being treated for the injuries re-

ceived in the accident, and never separated such charges, we will sustain appellants' third point of error.

Judgment of the trial court is reversed and remanded.