**BAYLOR UNIVERSITY MEDICAL CENTER, Appellant,**

v.

**Annabell BORDERS, Individually and as next friend for Sabrina Ann Borders, Appellee.**

**No. 19847.**

Court of Civil Appeals of Texas, Dallas.

April 25, 1979.

Rehearing Denied May 24, 1979.

---

Catherine A. Gerhauser, Burford & Ryburn, Dallas, for appellant.

Charles M. Wilson, III, Carter, Jones, Magee, Rudberg, Moss & Mayes, Alfred W. Ellis, Woodruff & Ellis, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

■ This appeal involves the construction of Tex.Rev.Civ.Stat.Ann. art. 5506a (Vernon 1975), commonly referred to as the Hospital Lien Statute. Appellant Baylor Medical University Center filed a hospital lien in accordance with the statute against the account of Sabrina Borders, a minor. The trial court held that Baylor's claim was barred by limitations. We hold, however, that the statute establishes a separate cause of action independent of the patient's obligation to pay the bill and that the hospital's cause of action accrues only when judgment or settlement proceeds are actually paid, rather than when the patient becomes obligated to pay the hospital bill. Thus, Baylor's claim was not barred by the statute of limitations. Accordingly, we reverse and render.

On March 7, 1973, Sabrina Borders was admitted to Baylor University Medical Center within seventy-two hours of a swimming accident. Treatment was administered over a three-month period of hospitalization and Sabrina incurred a bill of $9,883.74 of which $4,647.10 was paid by the State of Texas through the Texas Medical Assistance Program. Efforts to collect the remainder of the bill were unsuccessful, and Baylor filed a hospital lien pursuant to the statute in August of 1973. In December of 1975, Annabell Borders, as next friend, filed suit against the owners and manager of the apartment complex where Sabrina's accident occurred and in November of 1977, joined Baylor as a third-party defendant. This third-party action alleged that Baylor's hospital lien was invalid because the statute of limitations had run. This suit was settled in December of 1977, with settlement proceeds being paid to the Borders and the

settlement was incorporated into a final judgment of the trial court. In its judgment the court denied Baylor's claims to the proceeds of the settlement on the basis that such claims were barred by limitations.

Appellant asserts that article 5506a creates a cause of action against those who pay or receive funds in derogation of a hospital lien and that this cause of action does not accrue until judgment or settlement proceeds are actually paid. Thus, it contends that Tex.Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958), the four-year statute of limitations, began to run in 1977, not 1973. We agree.

In construing a statute, we are guided by the general rules of statutory construction and by cases interpreting such statute. The general rules of construction are: (1) the court must be governed by the rule of common sense. *National Surety Corp. v. Ladd,* 131 Tex. 295, 115 S.W.2d 600 (1938); (2) the intention of the Legislature in enacting a statute is the statute itself and the aim and object of construction is to ascertain and enforce legislative intent and not to defeat, nullify or thwart it. *City of Mason v. West Texas Utilities Co.,* 150 Tex. 18, 237 S.W.2d 273 (1951); (3) the court must construe a statute as written and, if possible, ascertain its intention from the language used therein and not look for extraneous matters to be used as a basis for reading into a statute an intention not expressed or intended to be expressed therein. *Government Personnel Mutual Life Insurance Co. v. Wear,* 151 Tex. 454, 251 S.W.2d 525 (1952); (4) if a statute is subject to two interpretations, it should not be given one that would render enforcement impossible. *Davis v. Estes,* 44 S.W.2d 952 (Tex.Com. App.1932, holding approved); (5) the general rules for the construction of all written instruments apply to the construction of legislative acts. *Malloy v. Galveston County,* 42 S.W.2d 163 (Tex.Civ.App.—Galveston 1931, writ ref'd).

Applying these standards we hold that article 5506a establishes a separate cause of action, as distinguished from any cause of action that the hospital may have against the patient, to satisfy the amounts owing to hospitals before payment is made by alleged third parties to patients. Article 5506a, section 1, establishes a lien on "any and all rights of action, suits, claims, counterclaims or demands", while article 5506a, section 2, states that the lien attaches to any judgment or settlement proceeds. The third section of article 5506a provides that no release is valid until the lien has been paid in full. The legislature's intent in passing the statute was to provide for payment to the hospital in situations such as this. Giving the hospital a separate cause of action to satisfy its lien insures that an accident victim will receive aid and that the hospital will be reimbursed for its services, thus reducing hospital costs. It is apparent that the legislature realized that not all accident victims would be financially able to pay their bills and that hospitals needed a means of reimbursement without instituting suits against indigents, where recovery was unlikely. To hold otherwise would render meaningless the filing of a hospital lien pursuant to the statute.

Our holding is supported by the cases that have construed this statute. In *Trinity Universal Insurance Co. v. Plainview Hospital & Clinic Foundation,* 385 S.W.2d 732 (Tex.Civ.App.—Amarillo 1964, no writ), the hospital failed to file a lien under the statute. The court held that the hospital could not sue the insurance company which had settled with the patient but had not paid the hospital. This case seems to imply that a hospital could maintain a cause of action to enforce a properly filed lien against those who pay or receive money in derogation of the hospital's rights under article 5506a. The case of *Republic Insurance Co. v. Shotwell,* 407 S.W.2d 864 (Tex.Civ.App.—Amarillo 1966, writ ref'd n. r. e.) concerned a suit by a hospital against an insurance company which had paid an injured party in derogation of the hospital's filed lien. In holding that a hospital by virtue of its properly filed lien had a cause of action against the insurance company that paid the injured party without paying the hospital bills, the court stated:

However, in this case, it is undisputed that the appellants paid to Mr. and Mrs. Compton $4,000 in settlement of their claim against Mr. and Mrs. Bussey. The question of liability of Mr. and Mrs. Bussey must have been determined by the appellants or they would not have paid the Comptons. Under article 5506a appellees were entitled to a lien upon any and all rights or actions, suits, claims or demands of the Comptons since they had filed their lien as required under said article and such lien extended to the proceeds of the settlement made between appellants and the Comptons. Mr. and Mrs. Compton had no claim for any damages against Mr. and Mrs. Bussey after they had signed the release and accepted the $4,000. The appellants must have been responsible to the Comptons because of the acts of Bussey or they would have not paid for such actions. They should not have paid the Comptons until the hospital bill was paid as the hospital bill would be an item in connection with any recovery the Comptons might have against Bussey. 407 S.W.2d at 866.

We conclude, therefore, that the hospital's cause of action does not accrue until funds are paid in settlement or by judgment and that the statute of limitations commences running at that time. Accordingly, Baylor's cause of action is not barred by the four-year statute and is entitled to recover $5,241.64 with interest from September 6, 1978.

Reversed and rendered.