NO.
12-06-00375-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

NACOGDOCHES COUNTY
HOSPITAL  §          APPEAL FROM THE 

DISTRICT d/b/a
NACOGDOCHES

MEMORIAL HOSPITAL,

APPELLANT

§          COUNTY
COURT AT LAW

V.        

 

CHARLES RAY NEWMAN and

JIMMY WAYNE CURTIS,

APPELLEES §          NACOGDOCHES COUNTY, TEXAS

                                                                                           
                                                                

MEMORANDUM OPINION

            Nacogdoches
County Hospital District, doing business as Nacogdoches Memorial Hospital,
appeals the adverse portions of the trial court’s final judgment entered in its
suit against Charles Ray Newman and Jimmy Wayne Curtis.  In three issues, the District contends the
trial court erred in granting Newman’s motion for summary judgment, denying the
District’s motion for summary judgment against Newman, and in partially
granting Curtis’s motion for summary judgment against the District.  We affirm.

 

Background

            On
August 27, 2001, Newman drove his vehicle into the path of Curtis’s vehicle,
causing a collision.  Curtis sustained
personal injuries and was taken to Nacogdoches Memorial Hospital for
treatment.  He had to return to the
hospital for treatment numerous times. 
The District filed a lien pursuant to Chapter 55 of the Texas Property
Code to secure payment of Curtis’s unpaid hospital bill.  Curtis neither paid his hospital bill nor
initiated litigation against Newman. 
However, the District sued both Curtis and Newman asserting that Newman
is liable because he negligently caused the accident and that Curtis, the
recipient of goods and services, defaulted by failing to pay the account.  The District prayed for judgment against
Curtis and Newman, jointly and severally, in the amount of $31,146.95.

            Newman
filed a motion for summary judgment claiming that the District’s claims against
him fail as a matter of law because it does not have a valid cause of action
against him and does not have standing to bring a suit against him for
negligence that allegedly harmed Curtis. 
Further, Newman  asserted that any
claim regarding the Chapter 55 lien is not ripe because Curtis has not asserted
a cause of action against Newman, and there is neither a settlement agreement
nor a judgment entered in any case arising out of the automobile accident.  The motion was supported by a copy of the
lien and an affidavit by Curtis stating that he has not filed suit against
Newman, there is no settlement agreement, and he is not in possession of any
settlement proceeds from Newman or his insurance carrier.  The court granted Newman’s motion for summary
judgment.

            The
District filed a motion for summary judgment asserting entitlement to judgment
as a matter of law as to Curtis.  The
motion was supported by Curtis’s deposition testimony and an itemized statement
of the goods and services provided to Curtis, together with the affidavit of
the District’s Director of Patient Financial Services stating that the District
had not been paid.  The court granted
this motion.

            The
District filed a separate motion for summary judgment asserting entitlement to
judgment as a matter of law as to Newman. 
This motion was supported by the itemized statement and affidavit of the
Director of Patient Financial Services, Curtis’s deposition testimony, and
Newman’s stipulation that his negligence was the proximate cause of the
accident.  The court denied this motion.

            Finally,
Curtis filed a motion for summary judgment against the District, which is
virtually identical to Newman’s motion for summary judgment.  Curtis asserted that the District does not
have a valid cause of action against Newman and does not have standing to bring
suit against Newman for negligence that allegedly harmed Curtis.  Further, he argued that any claim the
District has regarding its lien is not ripe because there has been no cause of
action asserted against Newman by Curtis, no settlement agreed to or entered
into, and no judgment entered in any case arising out of the automobile
accident.  His motion is supported by the
lien and his affidavit stating that he has not filed suit against Newman, has
not agreed to or entered into a settlement agreement with Newman, and is not in
possession of any settlement proceeds from Newman or his insurance
carrier.  The court partially granted and
partially denied this motion without specifying which parts were granted and
which parts were denied.

            The
court ordered Curtis to pay the District $31,146.95 plus postjudgment interest
and ordered him to pay court costs.  It
ordered that the District recover nothing from Newman.  Further, the court declared that, while the
District’s hospital lien was properly filed and may be enforced or foreclosed
as allowed by law in the event settlement payments or proceeds are made in the
future, the lien is not presently ripe for foreclosure because Curtis has not
received settlement payments or proceeds from Newman.  Finally, the court ordered that, unless
specifically granted, all relief requested by any party is denied.

 

Summary
Judgments

            In
three issues argued together, the District asserts the trial court erred in
granting summary judgment in favor of Newman and partial summary judgment in
favor of Curtis based on claims that the District did not have a viable cause
of action, lacked standing to bring suit, had no justiciable interest, and
could not enforce its lien because it was not ripe for foreclosure.  Additionally, the District contends the trial
court erred in overruling its motion for summary judgment against Newman.

Standard of Review

            We
review the trial court’s summary judgment de novo.  Tittizer v. Union Gas Corp.,
171 S.W.3d 857, 860 (Tex. 2005).  To
prevail on a traditional summary judgment motion, the movant must show that no
genuine issue of material fact exists and that he is entitled to judgment as a
matter of law.  Tex. R. Civ. P. 166a(c). 
A movant who conclusively negates at least one essential element of a
cause of action is entitled to summary judgment on that claim.  Southwestern Elec. Power Co. v. Grant,
73 S.W.3d 211, 215 (Tex. 2002).   

            In
a no evidence summary judgment, a party is entitled to summary judgment if
there is no evidence of one or more essential elements of a claim or defense on
which an adverse party would have the burden of proof at trial.  Tex.
R. Civ. P. 166a(i).  If the
nonmovant presents more than a scintilla of evidence supporting the disputed
issue, summary judgment for the movant is improper.  King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 751 (Tex. 2003).  More
than a scintilla of evidence exists if it would allow reasonable and fair
minded people to differ in their conclusions. 
Id.  

            When
both parties move for summary judgment, each party bears the burden of
establishing that it is entitled to judgment as a matter of law, and neither
party can prevail because of the other’s failure to discharge his burden.  Guynes v. Galveston County, 861
S.W.2d 861, 862 (Tex. 1993); State Farm Lloyds, Inc. v. Willliams,
791 S.W.2d 542, 549-50 (Tex. App.–Dallas 1990, writ denied).  We review the summary judgment evidence
presented by both parties and determine all questions presented.  City of Garland v. Dallas Morning News,
22 S.W.3d 351, 356 (Tex. 2000).  When
both parties move for summary judgment, we must indulge all reasonable
inferences and resolve all doubts in favor of the losing party.  University of Texas Health Sci. Ctr. v.
Big Train Carpet of El Campo, Inc., 739 S.W.2d 792, 792 (Tex.
1987).     

Hospital Lien

            The
predecessor to Property Code Chapter 55 was enacted in 1933 to provide for
liens in favor of hospitals.  Members
Mut. Ins. Co. v. Hermann Hosp., 664 S.W.2d 325, 326 (Tex. 1984).  The purpose of the act was to encourage
hospitals to provide immediate care and treatment to persons injured in
accidents, and to compensate hospitals for the vast sums of money being lost
when treating patients who were unable to pay. 
Id.  When a person
is hospitalized for personal injuries caused by an accident that is attributed
to the negligence of another person, the hospital has a lien on a cause of
action or claims the injured person may have against the one whose negligence
caused the injuries.  Tex. Prop. Code Ann. § 55.002 (Vernon
2007).  The lien attaches to a cause of
action for damages arising from the injuries for which the injured individual
was admitted, a judgment of a court in a proceeding brought by the injured
individual to recover damages arising from those injuries, and the proceeds of
a settlement of a cause of action or claim by the injured individual, or
another person entitled to make the claim, arising from those injuries.  Tex.
Prop. Code Ann. § 55.003 (Vernon 2007). 

 

Standing

            Standing
is a prerequisite to the trial court’s subject matter jurisdiction.  M.D. Anderson Cancer Ctr. v. Novak,
52 S.W.3d 704, 708 (Tex. 2001).  Subject
matter jurisdiction is essential to the authority of a court to decide a
case.  Id.  The issue of standing focuses on the question
of who may bring an action.  Id.  Whether a party has standing to maintain a
suit is a question of law.  Coons-Andersen
v. Andersen, 104 S.W.3d 630, 634 (Tex. App.–Dallas 2003, no pet.).  In analyzing issues of standing, we focus on
whether a party has a sufficient relationship with the lawsuit so as to have a “justiciable
interest” in the outcome.  Austin
Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 848 (Tex. 2005).  The standing doctrine requires that there be
a “real controversy between the parties” that “will be actually determined by
the judicial declaration sought.”  Id.
at 849.  A person has standing if 1) he
has sustained, or is immediately in danger of sustaining, some direct injury as
a result of the defendant’s wrongful act, 2) he has a direct relationship
between the alleged injury and the claim being adjudicated, 3) he has a
personal stake in the controversy, 4) the challenged action has caused him some
injury in fact, either economic, recreational, environmental, or otherwise, or
5) he is an appropriate party to assert the public’s interest in the matter, as
well as his own.  Nauslar v. Coors
Brewing Co., 170 S.W.3d 242, 249 (Tex. App.–Dallas 2005, no pet.).

Ripeness

            Ripeness,
like standing, is a threshold issue that implicates subject matter jurisdiction
and emphasizes the need for a concrete injury for a justiciable claim to be
presented.  Patterson v. Planned
Parenthood of Houston and Se. Tex., Inc., 971 S.W.2d 439, 442 (Tex.
1998).  While standing focuses on the
question of who may bring an action, ripeness examines when that action may be
brought.  Id.  At the time a lawsuit is filed, ripeness asks
whether the facts have developed sufficiently so that an injury has occurred or
is likely to occur, rather than being contingent or remote.  Id.  Ripeness thus focuses on whether the case
involves uncertain or contingent future events that may not occur as
anticipated, or may not occur at all.  Id.

Discussion

            Curtis
had the right to sue Newman for damages for having negligently caused the
accident in which Curtis sustained injuries. 
Curtis, although unable to pay his hospital bill, chose not to sue
Newman.  The District’s damages arose,
not from the accident caused by Newman, but from Curtis’s failure to pay his
hospital bill.  However, because Curtis’s
injuries arose from an accident negligently caused by another person, the
District had the right to invoke Chapter 55 in an attempt to procure payment of
Curtis’s bill.  Because the District’s
right to sue arises from Chapter 55, its rights are limited to those granted by
the statute.  The statute authorizes the
District to file a lien to reach money paid by the third party tortfeasor,
Newman, to satisfy the patient’s debt.  Tex. Prop. Code Ann. §
55.002-.003.  By virtue of Chapter 55,
the District has a cause of action to enforce its lien.  See Baylor Univ. Med. Ctr. v.
Borders, 581 S.W.2d 731, 734 (Tex. Civ. App.–Dallas 1979, writ ref’d
n.r.e.).  However, the District’s cause
of action does not accrue until funds are paid in settlement or pursuant to a
judgment.  Id.  Under the statute, it is Curtis’s cause of
action, judgment, or settlement to which the District’s lien attaches.  

            The
statute helps hospitals collect money to cover unpaid hospital bills from damage
awards or settlement funds procured by the patient.  Specifically, the issue the statute speaks to
is making sure the patient uses any monetary recovery to pay his hospital
bill.  Thus, once liability is judicially
determined, or the patient and tortfeassor have entered into an agreement or
settlement, the hospital has the right to enforce its lien.  The statute does not give a hospital the
right to directly sue a third party tortfeasor. 
There is no controversy between the District and Newman.  The District’s injury was not a result of
Newman’s wrongful act.  See Nauslar,
170 S.W.3d at 249.  The statute is based
upon the assumption that the accident victim will attempt to collect money from
the tortfeasor to cover expenses resulting from the tortfeasor’s negligent
act.  The statute simply does not speak
to situations such as this in which the patient declines to pursue his legal
rights against the tortfeasor.  Here, the
District attempted to try the issue of liability in the district court because
Curtis did not sue Newman.  However, the
District does not have standing to bring the liability issue.  See id.

            Furthermore,
in the context of the application of Chapter 55, the facts have not developed sufficiently
for the District to have incurred the anticipated injury.  A hospital is not wronged in a manner to
which Chapter 55 can be used to address it until a fund has been produced to
which the lien can attach.  See Borders,
581 S.W.2d at 734.  The District cannot
act to enforce a lien on a cause of action the patient did not pursue or a
judgment or settlement agreement that does not exist.  In other words, until liability is
determined, the issue of who gets the money judgment is not ripe.  See Patterson, 971 S.W.2d at
442.  The trial court correctly ruled on
the parties’ respective motions for summary judgment because the District
lacked standing to bring suit against Newman under Chapter 55 and a suit to
enforce a Chapter 55 lien was not ripe. 
We overrule the District’s three issues.

Disposition

            We
affirm the trial court’s judgment.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

 

Opinion
delivered May 23, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)