**Reversed and Remanded and Memorandum Opinion filed June 26, 2014.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-13-00307-CV

**ALLSTATE INDEMNITY COMPANY, Appellant**

**V.**

**MEMORIAL HERMANN HEALTH SYSTEM, Appellee**

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-01705**

## O P I N I O N

The primary dispute in this case is whether an insurer that settles a negligence claim against its insured without first satisfying a hospital lien has standing to request declaratory relief concerning its rights to contest the charges for services reflected on the lien. Concluding that the insurer does not have standing, the trial court granted the hospital's plea to the jurisdiction, dismissed the insurer's petition for declaratory relief, and granted summary judgment in favor of the hospital on its counterclaim for damages and attorney's fees based on the insurer's

payment of settlement funds to the patient in violation of the hospital's lien. For the reasons explained below, we reverse the trial court's rulings and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2011, R.M. received emergency care at a hospital in the Memorial Hermann hospital system for injuries sustained in a motor vehicle accident with D.W., an Allstate insured.[1] The charges for R.M.'s diagnosis and treatment totaled $4,956.50. The next month, Memorial Hermann timely filed and perfected a hospital lien in the public records of Harris County. *See* Tex. Prop. Code §§ 55.001–.008 (the "Hospital Lien Statute"). In November, Allstate paid R.M. $2,118.12 on behalf of D.W. to settle R.M.'s claims against D.W. The hospital lien, however, was not dismissed or discharged.

Memorial Hermann sent a demand letter to Allstate, contending that Allstate's payment to R.M. was in direct violation of Memorial Hermann's hospital lien and seeking payment of $4,956.50. At some point, Allstate obtained a professional review of Memorial Hermann's charges to determine whether R.M.'s treatment and costs were reasonable and necessary. Based on that review, Allstate tendered to Memorial Hermann $1,081.88 for the "reasonable services provided" to R.M.

Allstate also filed a petition for declaratory judgment seeking a declaration that, under section 55.004 of the Hospital Lien Statute, Allstate has the right to challenge the reasonableness and necessity of Memorial Hermann's billed services. Alternatively, Allstate requested a declaration that section 55.004 violates the due process protections afforded by the United States and Texas Constitutions.

---

[1] The parties have identified the individuals involved by their initials in the appellate briefing, and we will do the same in this opinion.

2

Memorial Hermann answered and asserted a counterclaim against Allstate for payment of settlement proceeds to R.M. in violation of Memorial Hermann's hospital lien.

Memorial Hermann also filed a plea to the jurisdiction, which the trial court granted on April 27, 2012, dismissing Allstate's petition. On January 9, 2013, the trial court granted summary judgment in Memorial Hermann's favor on its counterclaim. By a modified judgment signed March 12, 2013, the trial court awarded Memorial Hermann $2,118.12 in actual damages (the amount Allstate paid R.M. in settlement), $2,500 in attorney's fees, and pre-judgment interest. That same day, the trial court overruled Allstate's motion for new trial.

On appeal, Allstate contends that the trial court erred by (1) granting Memorial Hermann's plea to the jurisdiction, (2) granting summary judgment in favor of Memorial Hermann, and (3) awarding Memorial Hermann attorney's fees and pre-judgment interest.

## I. THE PLEA TO THE JURISDICTION

In its first issue, Allstate contends that the trial court erred in granting Memorial Hermann's plea to the jurisdiction because its petition alleged facts affirmatively demonstrating that the district court has subject-matter jurisdiction and Allstate has standing to bring its action under the Uniform Declaratory Judgments Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code §§ 37.001–011. Memorial Hermann responds that Allstate lacks standing to sue on the transaction between Memorial Hermann and R.M. because Allstate is a stranger to the transaction.

### A. Standards of Review

A plea to the jurisdiction challenges the court's authority to decide a case.

3

*Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 149 (Tex. 2012). We review de novo a trial court's ruling on a plea to the jurisdiction. *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The plaintiff must allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). The plea must be determined without delving into the merits of the case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The court construes the plaintiff's pleadings liberally, taking all factual assertions as true, and looks to the plaintiff's intent. *Heckman*, 369 S.W.3d at 150.

In deciding a plea to the jurisdiction, the reviewing court considers only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *See Blue*, 34 S.W.3d at 555. If a plea to the jurisdiction challenges the existence of jurisdictional facts, the court considers relevant evidence by the parties when necessary to resolve the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227. If the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. If the evidence creates a fact question regarding the jurisdictional issue, then the plea to the jurisdiction must be denied. *See id*. at 227–28.

### B. Does Allstate Have Standing to Seek a Declaration of Its Rights, Status, or Other Legal Relations Affected by the Hospital Lien Statute?

Standing is implicit in the concept of subject-matter jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443. "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome . . . ." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). The doctrine of justiciability is rooted in two provisions of the Texas

Constitution: the separation of powers provision and the open courts provision. *Heckman*, 369 S.W.3d at 147. The separation of powers provision prohibits courts from issuing advisory opinions, and the open courts provision contemplates access to the courts only for those litigants suffering an injury. *See id*; *Tex. Ass'n of Bus.*, 852 S.W.2d at 444. Thus, standing requires that there be a real controversy between the parties that actually will be determined by the judicial declaration sought. *Lovato*, 171 S.W.3d at 849.

Under the Uniform Declaratory Judgments Act, a person interested under a written contract or "whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem Code § 37.004(a).[2] A declaratory judgment is appropriate only if a justiciable controversy exists concerning the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *WesternGeco, L.L.C. v. Input/Output, Inc.*, 246 S.W.3d 776, 781 (Tex. App.—Houston [14th Dist.] 2008, no pet.). There must be a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Bonham State Bank*, 907 S.W.2d at 467; *WesternGeco, L.L.C.*, 246 S.W.3d at 781.

In its petition, Allstate recited the underlying facts of the automobile accident between R.M. and D.W., its insured, and alleged that it attempted to negotiate a settlement of R.M.'s personal-injury claim against D.W. Allstate also

---

[2] For purposes of the UDJA, a "person" is defined as "an individual, partnership, joint-stock company, unincorporated association, or society, or municipal or other corporation of any character." Tex. Civ. Prac. & Rem. Code § 37.001. Memorial Hermann does not argue that Allstate is not a person entitled to invoke the UDJA.

alleged that through "professional review" it determined "the reasonable and necessary treatment and costs concerning R.M." Allstate then alleged that "[Memorial Hermann] has taken the position, pursuant to Texas statute (specifically the hospital lien statute, Chapter 55 of the Texas Property Code), it should be paid the full amount it billed in regard to R.M., demanded full payment, and denied that [Allstate] has any right to challenge the charges." Based on the alleged facts, Allstate requested "a declaration concerning its rights to contest the amount claimed by [Memorial Hermann] by its hospital lien, to clarify its rights and obligations under the statute." Specifically, Allstate requested that the court "declare that, pursuant to section 55.004 of the Texas Property Code, [Allstate] has the right to challenge the reasonableness and necessity of the billed services." Alternatively, Allstate requested a declaration that section 55.004 violates the due process protections of the United States and Texas Constitutions.

Memorial Hermann contends that Allstate lacks standing to seek the declaratory relief requested for two reasons: (a) Allstate is merely seeking an advisory opinion; and (2) Allstate has suffered no injury. We conclude that both arguments are without merit.

### 1.  Allstate does not seek an advisory opinion.

Memorial Hermann first complains that Allstate's petition is merely "a thinly veiled attempt to change the current state of the law in Texas regarding the amount of a hospital lien asserted in a given case." According to Memorial Hermann, Allstate is "a complete stranger" to the transaction between Memorial Hermann and R.M. and is seeking an advisory opinion from the trial court in an attempt to change the Hospital Lien Statute "instead of seeking redress for its complaint in the legislature."

The Hospital Lien Statute provides that a hospital has a lien on a cause of

action or a claim of an individual who receives hospital services for injuries caused by an accident that is attributed to the negligence of another person. For the lien to attach, the individual must be admitted to a hospital not later than 72 hours after the accident. *See* Tex. Prop. Code § 55.002(a).

The lien is for the amount of the hospital's charges for services provided to the injured individual during the first 100 days of the injured individual's hospitalization, and it may also include the amount of a physician's reasonable and necessary charges for emergency hospital care services. *Id.* § 55.004(a)–(c). But the lien does not cover "charges for other services that exceed a reasonable and regular rate for the services." *Id.* § 55.004(d). A hospital must take specific steps to secure its lien. *See id.* § 55.005.

The lien attaches to the plaintiff's cause of action, a judgment, or the proceeds of a settlement. *Id.* at 55.003(a). A release of a cause of action to which a lien may attach is not valid unless the hospital has been paid in full or made a party to the release. *See id.* § 55.007(a)(1), (3). It is undisputed that R.W. was admitted to Memorial Hermann not later than 72 hours after the accident and that Memorial Hermann timely and properly secured its lien. It is also undisputed that Allstate settled R.M.'s claim while the lien remained unsatisfied. The parties' dispute concerns whether and to what extent Allstate may challenge the reasonableness and necessity of the charged services made the basis for Memorial Hermann's lien.

The crux of Memorial Hermann's argument is that Allstate is not a party to a contractual relationship between Memorial Hermann and R.M. The plain language of the UDJA reflects, however, that it may apply not only to a person interested under a contract, but also to "a person . . . whose rights, status, or legal relations" are affected by a statute. *See* Tex. Civ. Prac. & Rem. Code § 37.004(a). Allstate is affected by the Hospital Lien Statute because it specifically provides that Memorial

7

Hermann's lien attaches to the proceeds of D.W.'s automobile-liability insurance policy with Allstate. *See* Tex. Prop. Code § 55.003(b)(2) (providing that a hospital lien attaches to "public liability insurance carried by the insured that protects the insured against loss caused by an accident or collision"). Memorial Hermann does not argue otherwise.

Moreover, some courts have held the Hospital Lien Statute establishes a separate cause of action against an insurer independent of the patient's obligation to pay the hospital's bill. *See Baylor Univ. Med. Ctr. v. Borders*, 581 S.W.2d 731, 733 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.) (stating that, in passing the statute, the legislature intended to give a hospital a separate cause of action to satisfy its lien); *see also Republic Ins. Co. v. Shotwell*, 407 S.W.2d 864, 866 (Tex. Civ. App.—Amarillo 1966, writ ref'd n.r.e.) (holding that a hospital with a secured lien has a cause of action against an insurance company that disburses funds without honoring the lien). Indeed, Memorial Hermann filed a counterclaim against Allstate asserting it was damaged in the amount of $4,956.50 due to Allstate's alleged violation of the Hospital Lien Statute, and the trial court ultimately awarded Memorial Hermann $2,118.12 in actual damages.

Recently, the Supreme Court of Texas called into question whether the Hospital Lien Statute creates a cause of action against a negligent third party or that party's liability insurer. *See McAllen Hospitals, L.P. v. State Farm Cnty. Mutual Ins. Co. of Tex.*, __ S.W.3d ___, 2014 WL 1998245, at *5–6 (Tex. May 16, 2014). The Court explained that, when a valid hospital lien is not paid out of the proceeds of a patient's settlement with a third party, section 55.007 invalidates the release of the patient's cause of action; consequently, "the patient's cause of action, previously settled, is revived, and the hospital retains its lien on that cause of action." *Id.* at *5 (citing Tex. Prop. Code § 55.007(a)). The Court went on to

comment that, "[b]ecause the Legislature specified a remedy for failure to properly satisfy a hospital lien, and did not include a concomitant cause of action for enforcement, we question the propriety of reading into the statute such an additional remedy" and specifically called into question the *Borders* court's conclusion. *Id.* at *6. The Court did not reach the issue, however, holding that the parties did not preserve the issue for review because they did not raise it in the summary judgment proceedings below. *Id*. Similarly, the parties in this case have not raised the issue in either the trial court or in their appellate briefs, and so we do not address it.[3]

Based on the record before us, we conclude that Allstate is affected by Memorial Hermann's hospital lien because Allstate paid settlement funds to R.M. on behalf of its insured after Memorial Hermann secured its lien; the lien attached to the proceeds of the settlement; Allstate and Memorial Hermann disagreed whether Allstate was liable for the full amount of the charges underlying the lien or whether it may challenge the reasonableness and necessity of the charges; and Allstate risked liability to Memorial Hermann for settling R.M.'s claim against its insured in violation of the Hospital Lien Statute. Allstate requested judicial declarations concerning the construction and validity of the Hospital Lien Statute to resolve the parties' dispute.

On these facts, Allstate has alleged a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Bonham State Bank*, 907 S.W.2d at 467; *WesternGeco, L.L.C.*, 246 S.W.3d at 781. We conclude that a justiciable controversy exists as to the rights

---

[3] After *McAllen Hospitals* issued, Allstate filed a motion for leave to file a post-submission brief concerning whether Memorial Hermann may pursue its counterclaim for violation of the hospital lien. Because of our disposition of this appeal, we deny Allstate's motion. Allstate may raise the issue in the trial court on remand.

and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank*, 907 S.W.2d at 467; *WesternGeco, L.L.C.*, 246 S.W.3d at 781.

## 2.   Allstate has alleged an injury.

Memorial Hermann next contends that Allstate has not suffered an injury because R.M.'s settlement belongs to R.M. alone, not Allstate, and if Memorial Hermann overcharged R.M. or conducted unnecessary tests as alleged, then it is R.M. who is injured by the overcharging, not Allstate. Memorial Hermann also argues that Allstate's exposure to liability under the Hospital Lien Statute due to its own failure to protect Memorial Hermann's lien interest in R.M.'s settlement funds does not mean that any alleged overcharging of R.M. caused Allstate to suffer an injury for which it may sue Memorial Hermann. Memorial Hermann points out that the measure of the damages the trial court awarded was the amount that Allstate paid to R.M. in violation of the hospital lien ($2,118.12), not the amount of the claimed lien ($4,956.50). Thus, Memorial Hermann reasons that because its lien attaches to R.M.'s settlement, and the lien must be satisfied out of that settlement, only R.M. can bring a "suit on the debt."

In support of its argument, Memorial Hermann cites a single authority which it contends "signals" that the patient alone has standing to challenge the amount of the hospital lien. *See Speegle v. Harris Methodist Health Sys.*, 303 S.W.3d 32 (Tex. App.—Fort Worth 2009, pet. denied) (per curiam). Memorial Hermann notes that in *Speegle*, the patient, not the insurer, brought a UDJA action challenging the validity of the lien. *See id.* at 34. From this observation, Memorial Hermann concludes that "there was no question that the petitioner had standing to challenge the hospital lien because he was a party to the transaction for medical treatment in exchange for the promise of payment." But *Speegle* did not address whether an

10

insurer has standing to maintain a UDJA action or the reasonableness of the hospital's charges. Instead, the patient complained that the lien was invalid because the hospital should have charged Medicare rather than create the lien. *See id.* at 35, 38. Therefore, *Speegle* is not instructive on the standing issue and, contrary to Memorial Hermann's argument, does not signal that only the patient may challenge the reasonableness or validity of a hospital lien.

As discussed above, Allstate alleged that from its professional review it determined that Memorial Hermann's reasonable and necessary treatment and costs concerning R.M. were less than the full amount billed, but Memorial Hermann took the position that "it should be paid the full amount it billed in regard to R.M., demanded full payment, and denied that [Allstate] has any right to challenge the charges."[4] Alternatively, if the trial court determined Allstate was precluded from challenging the amount of the lien, Allstate requested a declaration that section 55.004 of the Hospital Lien Statute violates its constitutional right to due process. To establish standing to challenge the constitutionality of a statute the plaintiff must have suffered some actual or threatened injury under the statute that unconstitutionally restricts its own rights. *See Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 626 (Tex. 1996). Contrary to Memorial Hermann's contention, Allstate alleged a distinct injury appropriate for resolution under the UDJA.

---

[4] Moreover, Memorial Hermann ultimately obtained a judgment against Allstate for an amount greater than that Allstate contended was reasonable and necessary. Specifically, in its summary-judgment motion Memorial Hermann requested damages equal to the amount of the settlement ($2,118.12) for the emergency hospital care it provided, but Allstate presented summary-judgment evidence that its professional review revealed some of the treatment and costs were unnecessary and therefore Memorial Hermann was only entitled to $1,081.88—an amount roughly half of the $2,118.12 in actual damages the trial court awarded to Memorial Hermann.

On this record, we conclude that the trial court erred in granting Memorial Hermann's plea to the jurisdiction. *See Barshop*, 925 S.W.2d at 626–27; *Beadle*, 907 S.W.2d at 467; *WesternGeco, L.L.C.*, 246 S.W.3d at 781. We sustain Allstate's first issue.

## II.    THE SUMMARY JUDGMENT

In its summary-judgment motion, Memorial Hermann argued that Allstate was liable for all amounts paid to R.M. in violation of Memorial Hermann's perfected hospital lien. In response, Allstate urged—as it had in response to Memorial Hermann's plea to the jurisdiction—that either it should be allowed to challenge the reasonableness and necessity of the charged services upon which the lien is based or the Hospital Lien Statute should be declared unconstitutional.[5] As discussed above, the trial court denied Allstate's request for declaratory relief on these same issues, concluding that Allstate lacked standing to assert them. Presumably, then, the trial court also granted Memorial Hermann's counterclaim because it reasoned that Allstate lacked jurisdiction to assert these grounds against Memorial Hermann's counterclaim under the Hospital Lien Statute.[6] Because we have concluded that the trial court erred in determining that Allstate lacked standing and in dismissing Allstate's petition for declaratory relief, we likewise sustain Allstate's second issue and reverse the trial court's summary-judgment ruling.

---

[5] Many of the underlying facts were stipulated, but both parties presented case law and affidavits in support of their respective positions concerning Memorial Hermann's charges for the services provided to R.M. and whether Allstate was entitled to challenge the charges.

[6] In its responsive brief, Memorial Hermann argues that because the trial court never ruled on the issues of whether and how automobile-liability insurance carriers such as Allstate can contest the amount of a hospital lien and the constitutionality of Property Code section 55.004, we should not address them in this appeal. On this point, we agree.

## CONCLUSION

We sustain Allstate's first and second issues and reverse and remand for further proceedings consistent with this opinion. In so doing, we express no opinion on the merits of the parties' arguments concerning Allstate's request for declaratory relief or Memorial Hermann's summary-judgment motion. We do not reach Allstate's third issue concerning attorney's fees and prejudgment interest.


/s/    Ken Wise
Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise.