**Affirmed as Modified and Opinion filed June 21, 2018.**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-16-01022-CV

_____

## IN THE INTEREST OF K.L., A CHILD

_____

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2015-37805**

_____

## O P I N I O N

In this appeal, the State of Texas challenges the trial court's determination that Government Code chapter 37—pertaining to the appointment of attorneys ad litem, guardians ad litem, mediators, and guardians—violates the separation of powers doctrine in the Texas Constitution. The trial court made this ruling at the request of Beryl and Arnold Tippins, parties to the litigation. The State thereafter intervened to challenge the ruling, arguing, among other grounds, that the Tippinses lacked standing to seek the relief granted by the trial court. Because we conclude that the Tippinses indeed lacked standing to request such relief, we modify the judgment to

vacate the trial court's ruling that chapter 37 is unconstitutional. We affirm the judgment as so modified.

## *Background*

The underlying proceedings involved conservatorship and other issues pertaining to two minor children. The Tippinses, the children's maternal grandparents, initiated the proceedings when they petitioned to be named primary conservators for the children. They named the children's parents as respondents, although, at the time, one child's father was unknown to the Tippinses and was served by publication.[1] The trial court used the procedures under Government Code chapter 37 to appoint Laura Arteaga as attorney ad litem for the unknown father. *See* Tex. R. Civ. P. 244 (requiring appointment of an attorney to represent a party served by publication who has not filed an answer or appeared). Among other things, chapter 37 requires courts in certain counties to create and maintain lists of qualified people who are registered to serve as attorneys ad litem, guardians ad litem, mediators, and guardians. *See* Tex. Gov't Code §§ 37.001(a), 37.003(a). A court is permitted to create more than one list, categorized by type of case and qualifications. *Id*. § 37.003(b). Courts are then generally required to make such appointments on a rotating basis from the lists but may disregard the lists and appoint someone agreed to by the parties or of the court's own choosing so long as there is a finding of good cause and an explanation is provided. *Id*. § 37.004.

After the appointment of Arteaga, the Tippinses filed a motion to reconsider her appointment, arguing that chapter 37 violated the separation of powers doctrine in the Texas Constitution both because it infringes on core judicial powers and its vague and undefined use of the word "qualified" requires the judiciary to legislate

---

[1] The father of the other child is not relevant to this appeal. All references herein to the "father" are only to the originally unknown father of K.L.

2

in the guise of interpreting the statute. *See* Tex. Const. art. II, § 1.[2] The Tippinses specifically requested that the court find the statute to be unconstitutional, reconsider its appointment of Arteaga, and appoint an attorney ad litem without using the chapter 37 procedures. Notice of the constitutional challenge was duly provided to the Texas Attorney General's Office as required by law. *See* Tex. Gov't Code § 402.010.

Before the motion was heard, the mother filed a counter-petition identifying the child's father as an "alleged father." At the hearing on the motion, the father appeared pro se and Arteaga appeared as attorney ad litem. The State did not appear or respond to the motion at that time. Following the hearing, the trial court granted the motion, held that chapter 37 violated the separation of powers doctrine, and vacated the appointment of Arteaga. The court did not appoint a replacement attorney ad litem, and the father's paternity was subsequently established. Several months later, while the parties were still litigating, the Attorney General's Office filed on behalf of the State a petition in intervention and a motion to reconsider the order and its declaration that the chapter 37 procedures are unconstitutional. The trial court denied the motion. The trial court thereafter held a trial on conservatorship and other issues pertaining to the children.

In its final judgment, the trial court named the Tippinses as the children's primary conservators and named the respective parents as possessory conservators.

---

[2] This provision states:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another; and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1.

The State now brings this appeal.

### *The State's Intervention Was Timely.*

We begin by addressing the Tippinses' assertion that the State waived its contentions by failing to timely intervene in the trial court. As noted above, the State did not appear for the hearing on the Tippinses' motion to reconsider the appointment of Arteaga and did not file its own motion to reconsider the granting of the Tippinses' motion until several months later. In support of their waiver argument, the Tippinses cite Texas Rule of Civil Procedure 329b(a), which provides that a motion for new trial must be filed within 30 days of the order in question. The Tippinses additionally point out that time is frequently said to be "of the essence" in cases involving the best interest of children, citing *In re Barton*, No. 07-08-0123-CV, 2008 WL 1903483, at *2 (Tex. App.—Amarillo Apr. 30, 2008, orig. proceeding) (mem. op.) (denying mandamus relief where unexplained delay in seeking review was "troublesome given that the needs and stability of a child [were] implicated").

In response, the State points out that Texas follows an expansive intervention policy, permitting any party to intervene in litigation subject to being stricken for cause, citing *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015) (citing, in turn, Tex. R. Civ. P. 60). In *Naylor*, the court observed that Texas procedural rules do not impose any intervention deadline but common law has prohibited ***post-judgment interventions*** unless the trial court first sets aside the judgment. *Id*. (citing *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984)). The State additionally notes that the Tippinses' reliance on Rule 329b is misplaced as that rule applies to final judgments and not interlocutory orders such as that at issue here. *See, e.g., In re Fischer*, No. 14-11-00482-CV, 2011 WL 2899138, at *2 (Tex. App.—Houston [14th Dist.] July 21, 2011, orig. proceeding) (mem. op.).

4

We agree with the State. The Tippinses do not cite any authority, and we have discovered none, suggesting that the State's intervention in this case was untimely. Moreover, the Tippinses are unable to identify any way in which any party was disadvantaged or prejudiced or any portion of the proceedings was compromised due to the delayed intervention. Arteaga's involvement in the litigation effectively ended with the hearing on the Tippinses' motion to reconsider, and the trial court did not appoint a replacement attorney ad litem as the father of the child had made an appearance in the case. Accordingly, we will consider the merits of the State's arguments.[3]

### The Tippinses Lacked Standing.

The State first argues that the trial court should not have even reached the constitutional issue because the Tippinses lacked standing to challenge the constitutionality of chapter 37 under the circumstances of this case. We agree.

Standing is a constitutional prerequisite to suit. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). It concerns whether a party has a sufficient relationship with a claim to have a justiciable interest in its resolution. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). Standing is a question of law subject to de novo review. *Heckman*, 369 S.W.3d at 150. A court has no subject matter jurisdiction over a claim made by a party that lacks standing to assert that claim. *Id.* If a party lacks standing, the trial court must dismiss the claim. *Id.* at 150–51.

For a party to have standing to raise a claim, (1) the party must have an injury

---

[3] The Tippinses additionally suggest that Government Code section 402.010—the statute requiring notice to the Attorney General's Office before a court holds a statute unconstitutional—is itself unconstitutional, citing *Ex parte Lo*, 424 S.W.3d 10, 28, 30 (Tex. Crim. App. 2013). However, subsequent constitutional amendments abrogated *Ex Parte Lo*. *See* Tex. Const. art. V, § 32 (effective November 30, 2017). We therefore do not address the merits of this argument.

in fact, i.e., a concrete and particularized injury that is actual or imminent and not hypothetical; (2) the injury must be fairly traceable to the action complained of; and (3) the injury must be likely to be redressed by the requested relief. *See Heckman*, 369 S.W.3d at 155. More specifically, to establish standing to challenge the constitutionality of a statute, a party must have suffered some actual or threatened injury under the statute that unconstitutionally restricts its own rights. *See Barshop v. Medina Cty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 626 (Tex. 1996); *Allstate Indem. Co. v. Mem'l Hermann Health Sys.*, 437 S.W.3d 570, 577 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The State asserts that the Tippinses had no "concrete and particularized," "actual or imminent" injury from the appointment of an ad litem using chapter 37 procedures such that would give them standing to challenge the constitutionality of the chapter in this case. The State emphasizes that the ad litem was appointed to represent an opposing party (the then unnamed father of one of the children) and thus the Tippinses could not be injured in a concrete and particularized way by the manner of the ad litem's appointment.

The Tippinses base their standing argument on two grounds, asserting they had a justiciable interest in the appointment process because (1) they could potentially be required to pay the ad litem's fees as costs, *see Rhodes v. Cahill*, 802 S.W.2d 643, 647 (Tex. 1990) (explaining that a successful party may be required to pay an attorney ad litem's fees as costs pursuant to Tex. R. Civ. P. 244), and (2) the ad litem would be involved in a case to determine the best interests of their grandchildren, *see Lowe v. Lowe*, 971 S.W.2d 720, 725 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (noting the best interests of the child are of paramount importance in suits affecting the parent-child relationship). We take these arguments in turn.

First, the fact that the Tippinses could be required to pay the ad litem's fees is not an injury or threatened injury traceable to the method of the ad litem's appointment. In other words, the Tippinses could be required to pay those fees without regard to the process of ad litem appointment. *See Barshop*, 925 S.W.2d at 626 (requiring party contesting constitutionality of statute to have suffered some actual or threatened injury under the statute); *Allstate Indem.*, 437 S.W.3d at 577 (same); *see also Rhodes*, 802 S.W.2d at 647 (explaining that ad litem fees under Tex. R. Civ. P. 244 should be taxed as costs of the case); *Garza v. Slaughter*, 331 S.W.3d 43, 46-48 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (reversing trial court's refusal to order successful party to pay ad litem's fees as costs under Rule 244).[4]

In support of their second ground, concerning best interests of the children, the Tippinses urge that the chapter 37 procedures unnecessarily hamper the trial court's ability to match an appropriate attorney ad litem with the circumstances presented in a given case. They additionally assert that, as the child's grandparents, they have an interest in assuring that an appropriate ad litem is appointed to represent the unknown father. We disagree that these considerations establish an injury in fact to the Tippinses, i.e., a concrete and particularized injury that is actual or imminent and not merely hypothetical. *See Heckman*, 369 S.W.3d at 155. Although, as stated above, the best interests of the child are of paramount importance in suits affecting the parent-child relationship, *see* Texas Family Code section 153.002 and *Lowe*, 971 S.W.2d at 725, the primary duty of an attorney ad litem appointed pursuant to Rule 244 is to represent the interests of the unserved party. *See Cahill v. Lyda*, 826 S.W.2d 932, 933 (Tex. 1992); *see also Harris Cty. Children's Protective Servs. v. Olvera*, 77 S.W.3d 336, 341 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("The role

---

[4] A successful party is further protected from unreasonable or excessive fees by the requirement that such fees must be reasonable and necessary. *See Rhodes*, 802 S.W.2d at 646–47; *Garza*, 331 S.W.3d at 47-48.

of an attorney ad litem is, like every attorney, to pursue, protect, and defend the interests of his or her client."). The Tippinses have not alleged a sufficient interest in the representation of an opposing party in the litigation to give them standing to contest how that representation is accomplished. *Cf. Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 424 (Tex. 1996) (holding movant on motion to disqualify lacked standing to challenge adequacy of opposing counsel's client's consent to representation). To hold otherwise would offend the principles of our adversarial system. *See generally Sacks v. Zimmerman*, 401 S.W.3d 336, 342 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (explaining that under our adversarial system, Texas courts have consistently resisted attempts by parties to litigation to hold opposing counsel liable for actions taken during the litigation even if frivolous or without merit).

The Tippinses lacked standing to challenge the constitutionality of Government Code chapter 37 under the circumstances of this case. Accordingly, the trial court lacked subject matter jurisdiction to consider the Tippinses' constitutional claim. *See Heckman*, 369 S.W.3d at 150. We therefore sustain the State's first issue.[5]

### *Conclusion*

Because we conclude that the Tippinses lacked standing to challenge the constitutionality of chapter 37 under the circumstances of this case, we modify the judgment to vacate the trial court's ruling that chapter 37 is unconstitutional. We affirm the judgment as so modified. *See Doan v. TransCanada Keystone Pipeline, LP*, 542 S.W.3d 794, 797, 809 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (modifying judgment to vacate certain rulings for lack of jurisdiction and affirming remainder of judgment); *Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514

---

[5] We received two amicus curiae briefs in this case; however, since neither brief addressed the standing issue, we need not discuss the arguments raised in those briefs.

S.W.3d 844, 846–47 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (permitting challenge to interlocutory order in appeal from final judgment).


/s/ Martha Hill Jamison
   Justice


Panel consists of Justices Jamison, Busby, and Donovan.