**BROAD & PEARCE et al. v. CAGE et al.**
(No. 1099.)

(Court of Civil Appeals of Texas. El Paso.
March 25, 1920.)

Animals ☞26(2)—Venue ☞21—Lessor held
not entitled to statutory lien on animals for
pasturage depriving lessees of privilege to
be sued in county of domicile.

Rev. St. 1911, art. 5664, giving owners of
pastures a lien on animals for pasturage, does
not give the owner of a leased pasture a lien
on the animals pastured therein by the lessees,
and the lessees are not deprived of their privi-
lege to be sued in their own county under Ver-
non's Sayles' Ann. Civ. St. 1914, art. 1830, ex-
cepting from such privilege suits to foreclose
a lien which may be brought where the prop-
erty subject thereto is situated.

Appeal from District Court, Erath County;
J. B. Keith, Judge.

Action by John and Day Cage against
Broad & Pearce, a copartnership, and others.
From an order denying defendants' plea of
privilege to be sued in county of their resi-
dence, defendants appeal. Reversed, with di-
rections to enter judgment changing the venue.

Snodgrass, Dibrell & Snodgrass, of Cole-
man, for appellants.
J. A. Johnson, of Stephenville, for appellees.

HARPER, C. J. Appellees, John and Day
Cage, filed this suit in the district court of
Erath county against Broad & Pearce, a co-
partnership, and also against Walter Gann,
Harry Hubert, Arthur E. Young, W. C. Day,
and R. I. Brown, all residents of Coleman
county, for $2,500 and interest, alleged to be
the balance due upon a lease contract of cer-
tain lands in Erath county, and claiming
a pasturer's or agister's lien upon the cattle
pastured thereon.

Appellants filed their plea of privilege to
be sued in Coleman county in proper form,
and this appeal is from the judgment of the
trial court overruling the plea; appellants'
contention being that article 1830, Vernon's
Sayles' Statutes of Texas, governs and pre-
cludes plaintiffs from maintaining its action
in Erath county (it reads: "No person who
is an inhabitant of this state shall be sued
out of the county in which he has domicile,
except in the following cases") and that the
facts of this case do not bring the suit with-
in any exception named.

Appellees urge that the facts of the case
bring the cause of action within the twelfth
exception thereto, which reads, "Where the
suit is for the foreclosure of a mortgage or
other lien, in which case suit may be brought
in the county in which the property subject
to such lien, or a portion thereof may be situ-
ated," and that they had a lien upon the cat-
tle placed upon the lands by appellants by
virtue of article 5664, Rev. Civ. Statutes of
Texas, which reads:

"Proprietors of livery or public stables shall
have a special lien on all animals placed with
them for feed, care and attention, * * *
for the amount of the charges against the
same; and this article shall apply to and in-
clude owners or lessees of pastures, who shall
have a similar lien on all, animals placed with
them for pasturage."

The test of whether appellees had a lien
upon the cattle lies within a proper construc-
tion of this statute and its application to the
facts.

The parties to this suit agreed:

"That the defendants under their contract
with John and Day Cage went into possession
of the lands leased March 1, 1917, and remain-
ed in possession until July 1, 1918, and that
they had exclusive possession of the lands dur-
ing that time."

There was no lien reserved by the contract;
so, if appellees had a lien, it is by virtue of
the statute, and it provides for a lien on all
animals placed with the owners or lessees of
pastures for pasturage. Under the agreement
above quoted, instead of these cattle having
been placed with any owner or lessee for
pasturage, the appellants themselves were the
lessees of the pasture and in possession and
control thereof as well as in full possession
of their cattle; so it seems clear that appel-
lees have no lien under the facts of this case.

It is suggested by appellees that the only
question properly before this court is whether
the lease in question was an assignment of
the rights of plaintiff under the original lease
from Floyd Thompson or a subletting by the
plaintiffs to the defendants—citing Davis v.
Vidal, 105 Tex. 444, 151 S. W. 290, 42 L. R. A.
(N. S.) 1084.

The question here is one of venue only, or
where should the appellees have brought their
suit, and not whether they can maintain it
against these defendants or appellants, as
was the question decided in the cited case; so
it follows from what has been said that the
facts of this case do not confer a lien upon
the cattle in favor of appellees; therefore the
exception to the statute providing that parties
shall not be sued out of the county of their
domicile does not obtain, and it further fol-
lows that the trial court erred in overruling
appellants' plea of privilege.

Accordingly the judgment of the trial court
is reversed and set aside, and that court is
directed to enter judgment changing the venue
therein to the district court of Coleman coun-
ty, and, further, the clerk of the district court
of Erath county is directed to prepare a
transcript of said cause and transmit the
same together with the original court papers
to the district court of Coleman county, Tex.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes