HINDES v. LOCK et al.    (No. 514–3953.)

(Commission of Appeals of Texas, Section A. March 12, 1924.)

1. Statutes ⬤➔188—Words presumed used in ordinary sense unless peculiar meaning appears.

Words in a statute are presumed to have been used in their ordinary sense, unless it appears that they have a peculiar meaning applied to some art or trade with reference to which they are used.

2. Animals ⬤➔26(2)—Lessor of pasture held to have no lien on lessee's cattle.

Under Rev. St. art. 5664, giving owners or lessees of pastures a lien on animals "placed with them for pasturage," lessor of a pasture had no lien on cattle put on the land by lessee who had absolute control, since the quoted words require possession in lienor.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by G. F. Hindes against Fred G. Lock and another. A judgment granting insufficient relief was affirmed by the Court of Civil Appeals (246 S. W. 1042), and plaintiff brings error. Affirmed.

Clamp, Searcy & Groesbeck, of San Antonio, for plaintiff in error.

J. L. Browne and L. H. Browne, both of San Antonio, for defendants in error.

BISHOP, J. Plaintiff in error, G. F. Hindes, and defendant in error Fred G. Lock, on the 28th day of August, 1920, entered into a written contract whereby Hindes leased to Lock 13,000 acres of land in Atascosa and Frio counties, known as the G. F. Hindes ranch, and an 80-acre trap at the town of Hindes for grazing purposes, beginning on September 1, 1920, and running for a period of two years, ending September 1, 1922, for a rental of 40 cents an acre for the 13,000 acres and $50 for the trap, payable semiannually, in advance, as follows: $2,625, paid on the date of the lease contract; $2,625, due March 1, 1921; $2,625, due September 1, 1921; and $2,625, due March 1, 1922 —it being agreed that Lock was to keep the improvements on said land in good repair and condition. Under the terms of this lease contract defendant in error Lock went into possession of said land on September 19, 1920, and continued in exclusive possession thereof until May 17, 1922. On September 19, 1920, Lock placed about 579 head of steers in said pasture and 12 cow ponies, which said stock were still in said pasture and trap at the time of the institution of this suit. Lock paid the first two installments of rent, but did not pay the other two which became due September 1, 1921, and March 1, 1922.

On April 14, 1922, plaintiff in error, Hindes, filed suit against Lock for the balance due under said lease contract, asserting a lien on said stock under article 5664, Revised Statutes, and praying for judgment for amount due under said contract and asking that a pasturage lien be established and foreclosed on said stock.

The trial court rendered judgment in his favor for the amount due under the contract, but refused to establish and foreclose lien as prayed for, and the Court of Civil Appeals affirmed this judgment. 246 S. W. 1042.

Article 5664 is as follows:

"Proprietors of livery or public stables shall have a special lien on all animals placed with them for feed, care and attention, as also upon such carriages, buggies or other vehicles as may have been placed in their care, for the amount of the charges against the same; and this article shall apply to and include owners or lessees of pastures, who shall have a similar lien on all animals placed with them for pasturage."

[1] In construing a statute the language thereof must be given the meaning with which it was used by the Legislature. Words in a statute are presumed to have been used in that sense in which they are ordinarily understood, unless it appears that they have a peculiar meaning applied to some art or trade with reference to which they are used. Turner v. Cross, 83 Tex. 218, 18 S. W. 578, 15 L. R. A. 262.

[2] Here proprietors of livery and public stables are given a special lien on all animals placed with them for feed, care and attention. Owners or lessees of pastures are given a special lien on all animals placed with them for pasturage. In order for proprietors of livery and public stables to have a lien, it is necessary that animals be placed with them for feed, care, and attention, and in order for owners or lessees of pastures to have a lien, under the statute, it is necessary that animals be placed with such owners, or lessees, for pasturage. If such owner is in possession of the pasture, animals placed therein with his consent can be said to be placed with him. But, if he has parted with possession, animals so placed would not, ordinarily, be understood as being placed with him. The words "placed with them for pasturage," in the connection in which they are used, indicate that the owners or lessees must be in possession of the pasture in order for the lien to be given. Had it been the intention of the Legislature to give a lien to owners of pastures who had leased same and surrendered possession, some such words as "placed in such pastures" would have been used instead of "placed with them."

The plaintiff in error, Hindes, had leased this pasture for a term of two years to defendant in error Lock, who had exclusive possession at the time he placed the animals therein, and as Lock did not place the stock with Hindes, within the meaning of article

5664, he has no lien thereon. We think this article has been correctly construed by the Court of Civil Appeals of the Eighth Supreme Judicial District in the case of Board & Pearce v. Cage, 220 S. W. 104, and by the Court of Civil Appeals of the Fifth Supreme Judicial District in the case of Sharp v. Jester, 239 S. W. 655.

We recommend that the judgments of the Court of Civil Appeals and the District Court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes