**CAPROCK INDUSTRIES, INC., Appellant,**

v.

**N. E. WOOD et al., Appellees.**

**No. 8685.**

Court of Civil Appeals of Texas, Amarillo.

March 30, 1977.

---

Sanders, Saunders, Brian, Finney & Thomas, Joseph M. Pritchard, Amarillo, for appellant.

Aldridge, Harding & Aycock, Johnny Actkinson, Farwell, for appellees.

ROBINSON, Justice.

Plaintiff N. E. Wood and Plaintiff farmers filed suit in Parmer County against Caprock Industries, Inc., Woodrow Brillhart and Sam Randles alleging breach of a contract for pasture and care of cattle and conversion of a lien on the cattle. Caprock appeals from an order of the trial court overruling its plea of privilege. Reversed and rendered.

The evidence shows that the cause of action before us grew out of a series of contracts as follows:

1. George Enlow, as general manager of Caprock Industries, Inc., a foreign corporation authorized to do business in Texas, contracted in writing with Sam Randles for Randles to pasture Caprock's cattle on a gain basis. Caprock was to make advances to Randles when the cattle were delivered and each month thereafter.

2. Randles contracted with Woodrow Brillhart for Brillhart to pasture the cattle.

3. Brillhart contracted with N. E. Wood for Wood to pasture the cattle at $1.50 per hundred weight per month for pasture and $1.25 per head per month for care.

4. Wood leased wheat pasture in Parmer County from the various plaintiff farmers. The cattle were delivered to Wood, who cared for the cattle which were pastured on the land leased by Wood from the farmers.

Randles directed Caprock to make the advances on his contract direct to Brillhart and Wood. Upon receipt of the checks, Brillhart took them to Wood who endorsed the checks. Wood's accrued charges were deposited to his account. Brillhart deposited the balance to his own account. Wood then paid the farmers for pasture rent with his own personal checks.

Wood permitted and assisted in the loading of the cattle when they were removed from the pasture land by Caprock. At that time Brillhart had not paid Wood in full and Wood had not paid the farmers in full.

After the cattle were loaded and sent out Brillhart told Wood that he would go to Gruver (the location of Caprock's office) and get a check and return. He did not do so. There is evidence that he told Caprock that the "gain" was not sufficient to pay his pasturing costs and asked for a loan. Caprock refused.

Plaintiffs, Wood and the farmers, then brought this suit against Caprock, Randles, and Brillhart. Caprock filed its plea of privilege which was overruled by the trial court. Plaintiffs seek to maintain venue of their suit against Caprock in Parmer County under Subdivisions 5(b), 7, 9 and 27 of Article 1995, Tex.Rev.Civ.Stat. Ann. The plaintiffs have the burden to plead and to prove that the cause is within one of the exceptions to the general venue rule. *A. H. Belo Corporation v. Blanton*, 133 Tex. 391, 129 S.W.2d 619 (1939).

The case was tried without a jury. In the absence of findings of facts and conclusions of law, it must be presumed that the trial court made such findings as were necessary to support the judgment. *Morris v. Texas Elks Crippled Children's Hospital, Inc.*, 525 S.W.2d 874 (Tex.Civ.App. —El Paso 1975, writ ref'd n. r. e.). However, a finding cannot be presumed unless there is evidence to support such finding. *Warren Petroleum Corp. v. Martin*, 153 Tex. 465, 271 S.W.2d 410 (1954). In determining whether there is any evidence to support the judgment and implied findings of facts incident to it, the appellate court must consider only that evidence which is favorable to the issue and must disregard all that which is opposed to it. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950).

Relevant to plaintiffs' argument with regard to each of the pleaded exceptions to the general venue rule is their contention that Brillhart had actual or apparent authority to act for Caprock. After considering the record in the light most favorable to plaintiffs we find no evidence to support that contention. There is some conflict in Wood's testimony concerning whether Brillhart said that he represented Caprock. However, even if Brillhart did tell Wood that he represented Caprock, Brillhart's statement would not support a finding that Brillhart was Caprock's agent. It is well settled that an agent's own representation cannot establish his agency or the nature and scope of his authority. *Noel v. Denman*, 76 Tex. 306, 13 S.W. 318 (1890); *Knight v. Hicks*, 505 S.W.2d 638 (Tex.Civ. App.—Amarillo 1974, writ ref'd n. r. e.)

We next consider each of the pleaded venue exceptions.

Subdivision 9, Art. 1995, provides that a suit based on a trespass may be brought in the county where the trespass was committed by the defendant or his agent. Plaintiffs allege that they had an agister's lien on the cattle which was converted by their removal. The unauthorized removal of cattle covered by an agister's lien is a conversion and, thus, is a trespass within the meaning of Subdivision 9. *Mathews v. Ryan*, 320 S.W.2d 44 (Tex.Civ. App.—Amarillo 1958, no writ).

Statutory provision for an agister's lien is made by art. 5502, Tex.Rev.Civ.Stat. Ann. which gives a lien to owners and lessees of pastures on all animals placed with them for pasturage. Our courts have held that this statute does not give a lien to landowners who have leased their pasture to others and have parted with possession. *Hindes v. Lock*, 259 S.W. 156 (Tex.Com. App. 1924, jdgmt adopted). There is no evidence that the cattle were "placed with" plaintiff farmers. Thus the plaintiff farmers, each of whom testified that they had leased their pasture to Wood, had no lien on the cattle.

The evidence shows that Wood had the care of the cattle. However, even if we assume that Wood had an agister's lien, we find no evidence of a conversion. Wood testified that he permitted and assisted in the removal of the cattle from his possession. As a matter of law any agister's lien which he had was waived because possession is essential to an agister's lien. *Rainey v. Williams*, 273 S.W.2d 890 (Tex.

Civ.App.—Austin 1954, no writ). In this connection plaintiffs contend that a fact issue on the question of waiver is raised by Wood's testimony that Brillhart told him that he would go to the Gruver Feedyard, get a check, and bring it back. However, Wood himself testified that this statement was made after the cattle were loaded and sent out. Thus, it could not have induced him to relinquish possession.

Subdivision 7, Art. 1995, provides that in cases of fraud, suit may be brought in the county where the fraud occurred. Plaintiffs, in their controverting affidavit, allege that "a fraud was committed upon plaintiffs when such cattle were fraudulently removed without payment of the pasture bill." The elements of a cause of action for fraud were set out by this court in *Rumfield v. Rumfield*, 324 S.W.2d 304 (Tex.Civ.App.—Amarillo 1959, writ ref'd n. r. e.) and will not be repeated here. Plaintiffs have neither pleaded nor proved a cause of action for fraud. Plaintiffs rely on the same evidence to prove fraud that they contend proves a conversion. Such evidence is legally insufficient to support a finding of fraud for the same reasons heretofore given in our analysis of the evidence with regard to subdivision 9.

Subdivision 5, Article 1995, deals with the venue of certain written contracts. Subsection (b) of Subdivision 5 provides that an action founded upon a contractual obligation of the defendant to pay money arising out of a consumer transaction for goods or services intended primarily for agricultural use may be brought against the defendant in the county where the defendant in fact signed the contract. Subdivision 5(b) plainly, by its terms, deals with written contracts. Plaintiffs have wholly failed to plead or prove a cause of action under it.

Plaintiffs seek to maintain venue of Caprock in Parmer County under the portion of Subdivision 27, Art. 1995, which provides that a suit against a foreign corporation may be brought in the county where the cause of action or a part thereof accrued. It is undisputed that Caprock is a foreign corporation. Nevertheless, for the reasons already stated, there is no evidence that any cause of action by plaintiffs against Caprock or any part of such a cause of action accrued in Parmer County.

We have examined the record and find no other venue subdivision under which plaintiffs may maintain venue of their suit against Caprock in Parmer County. The evidence on the venue question was fully developed. The judgment of the trial court overruling Caprock's plea of privilege is reversed and judgment here rendered transferring the cause of action against Caprock Industries, Inc., to the District Court of Hansford County, Texas.