**DALLAS COUNTY HOSPITAL DISTRICT, Appellant,**

v.

**William B. PERRIN, Jr., Appellee.**

**No. 05–83–00666–CV.**

Court of Appeals of Texas, Dallas.

May 29, 1985.

Rehearing Denied July 8, 1985.

Thomas L. Cox, Jr., Dallas, for appellant.

Dave Haigler, Abilene, for appellee.

Before ELLIS [1] and TUNKS [2], C.JJ., and GUILLOT, J.

TUNKS, Chief Justice, Retired.

On or about June 20, 1976, Bobby Hugh Copeland was injured in a vehicle collision in the City of Dallas. He was, within 72 hours, admitted to Parkland Memorial Hospital, operated by Dallas County Hospital District, and treated for his injuries so sustained.

Copeland employed William B. Perrin, an attorney, to represent him in his claim for damages resulting from the injuries sustained in the collision. The operator of the vehicle with which Copeland collided, from whom Copeland sought to recover damages, was insured by Members Mutual Insurance Company. After several months of negotiations between Perrin and Members Mutual, a settlement agreement was reached under the terms of which the insurance company paid Copeland $9,000.00 in settlement of his claim. The settlement check was made jointly payable to Copeland and Perrin and was delivered. The check was cashed, and after Perrin had been paid his attorney's fee and reimbursed for a loan to Copeland, the remainder was turned over to Copeland.

Dallas County Hospital District (hereinafter "appellant" or "the hospital") filed suit against Copeland, Perrin and Members Mutual alleging that the hospital had per-

---

1. The Honorable James A. Ellis, Chief Justice, Seventh Supreme Judicial District, Retired, sitting by assignment.

2. The Honorable Bert H. Tunks, Chief Justice, Fourteenth Court of Appeals, Houston, Retired, sitting by assignment.

fected a lien under the provisions of Article 5506a, Revised Civil Statutes of Texas, on the proceeds of Copeland's claim for damages as security for its claims for payment of the charges for treatment, such charges being in the amount of $2,560.09. The hospital alleged that the defendants' disbursement of the proceeds of Copeland's settlement without payment of the hospital's bill made the defendants liable to the hospital for payment of the bill. The three defendants were served with citation. Perrin and Members Mutual answered, but Copeland defaulted. Members Mutual filed a third party action against Perrin.

The case was tried before the court, without a jury, on November 10, 1980. Members Mutual and Perrin appeared and participated in the trial. Copeland did not appear either in person or by counsel. Members Mutual, through its counsel, announced that it and the hospital had settled the hospital's claim against it. Such settlement was confirmed by the hospital's counsel. Thereupon the hospital presented its evidence against Perrin and Copeland. After all parties rested, the court rendered judgment that the hospital take nothing against the defendant, Perrin, and that Members Mutual take nothing in its third party action against Perrin. Thereafter, the hospital attempted to appeal from the trial court's judgment, but its appeal was dismissed because the judgment, not having disposed of the hospital's claim against Copeland, was not final and appealable.

After the appeal was dismissed, the case was again heard by the court on December 10, 1982. Perrin appeared for this trial, but Copeland did not. (The hospital's claim against Members Mutual having been settled, Members Mutual did not appear either). At the beginning of the hearing, the court announced that, on the motion of the hospital, it would permit the hospital to reopen the evidence as to its claim against the defendant, Copeland, only. Thereupon the following transpired:

THE COURT: The Court, on the Motion of the Plaintiff, will permit the Plaintiff to reopen the evidence in this case as to the Defendant Copeland and to offer evidence of his alleged debt against the Defendant Copeland only.

You may proceed.

MR. HAIGLER: Comes now William B. Perrin, Jr., by Dave Haigler, attorney, and would ask that the record reflect that the Defendant Perrin has previously urged his Motion for Judgment and that the Court has granted it in part insofar as the Court has stated that the prior trial as to Defendant Perrin and as to all other matters in the case at the prior trial is final except as to subsequent evidence against Defendant Copeland only.

Is that my correct understanding of the Court's ruling?

THE COURT: Yes, sir, that's correct.

MR. HAIGLER: And may the Defendant Perrin be excused then in this case insofar as no further proceedings have any bearing on him?

THE COURT: Yes.

MR. HAIGLER: Thank you.

The hospital then introduced the testimony of its administrator Steven Nathan. He identified a copy of the hospital's detailed bill for its service and testified that it was due and unpaid. The bill was offered and admitted into evidence. Mr. Nathan, after testifying to facts qualifying him to do so, testified that the charges shown on the bill were "reasonable, necessary and customary."

On appeal, the hospital contends that the trial court erred in rendering judgment if such ruling was premised on the hospital's failure to prove that the charges were reasonable and customary charges for like or similar services in Dallas County, Texas in June 1976. At the outset of the December 10, 1982, hearing in this case, the trial court made it abundantly clear that it was granting the hospital's motion to reopen the evidence only as to the hospital's claim against the defendant, Copeland, and that it did not intend to retry the case against the defendant, Perrin. In fact, it stated that Perrin's motion for judgment was granted before hearing further evidence. In placing its limitation upon its

granting of the hospital's motion to reopen, which was addressed to its discretion, the trial court did not err. *Benford v. Snyder,* 144 Tex. 134, 189 S.W.2d 471, 476 (1945). The court's decision to try separately the hospital's claim against Copeland was also a matter within its discretion, and it made no error in doing so. TEX.R.CIV.P. 174(b); *Hunt v. Hunt,* 453 S.W.2d 377, 379 (Tex. Civ.App.—Houston [14th Dist.] 1970, no writ).

Since the trial court so clearly announced its ruling before the beginning of the evidence and the hospital did not object or assign error to the limitation, it must be assumed that the hospital agreed to proceed in accordance with the trial court's ruling. Thus, whether the trial court's judgment is supportable under the evidence must be determined by reference to the evidence received in the November 10, 1980 hearing. For the hospital's claim against Perrin, the hospital must have proved its case in the first hearing.

■ Moreover, the losing party to a lawsuit normally has the burden of getting favorable findings of fact from the court regarding its asserted cause of action or defense. No findings of fact were requested or made. Therefore, we must presume that the trial court made such findings as would support the judgment if there is evidence that supports such findings. *Caprock Industries, Inc. v. Wood,* 549 S.W.2d 430, 433 (Tex.Civ.App.—Amarillo 1977, no writ). In determining whether there is any evidence to support the implied findings, we must consider only that evidence which is favorable to such findings and disregard that which is opposed to them. 549 S.W.2d at 433.

■ Article 5506a provides that a hospital furnishing care and treatment for the injuries one received as a result of the negligence of another is entitled to a lien on the injured person's cause of action against the negligent person, or the proceeds therefrom, to secure the payment of the hospital's bill for such treatment, "provided such hospital ... does not charge more than a reasonable and regular rate for such services...." Hospital Lien Act, ch. 769, § 1, 1971 Tex.Gen.Laws 2420, *amended by* Act of August 31, 1981, ch. 359, § 1, 1981 Tex.Gen.Laws 953, *repealed by* Act of January 1, 1984, ch. 576, § 6, 1983 Tex.Gen.Laws 3475, 3729–30. Thus, the hospital here had the burden of proving that its charge was not more than a reasonable and regular rate for the services billed to Copeland. *Garner v. City of Houston,* 323 S.W.2d 659 (Tex.Civ.App.—Houston 1959, no writ).

■ The hospital, in its brief, admits that it had such burden. The hospital also says in its brief: "the record of the initial hearing on November 10, 1980 is devoid of testimony by employees of the appellant or others that the charges in question were the regular and customary charges for like or similar services." We hold that the evidence received in the November 10, 1980 hearing does not establish the hospital's alleged cause of action on the hospital lien. We overrule its third point.

■ Appellant's second point of error is in the following language:

The Court erred in rendering judgment against the Appellant if such ruling was premised on the Court's failure to sustain the Appellant's position that the Appellant was a third party beneficiary of the agreement between Members Mutual and Appellee which Appellee breached, wherein Appellee was to receive the release of the hospital lien and/or to protect the interest of Members Mutual.

The appellant did not, either in its point of error or in its statement and argument under the point, identify any exhibit which it contends showed the contract between Perrin and Members Mutual of which it claims to be a third party beneficiary. Nor did it point to any oral testimony which it claims showed such a contract.

Members Mutual, before it settled its controversy with the hospital, filed a cross-action against Perrin, alleging that Perrin agreed to pay off the hospital's claim, or

otherwise hold Members Mutual harmless therefrom. On that basis, Members Mutual sought a judgment for indemnity or contribution against Perrin if the hospital received a judgment against it. That is the only allegation in any pleading as to a contract between Members Mutual and Perrin. The hospital's pleading nowhere alleges any contract of which it could be a third party beneficiary. Its point of error number two is overruled.

We have examined the other points of error of the appellant, and they present no reversible error. The judgment of the trial court is affirmed. Costs taxed against Dallas County Hospital District.