Jerry A. DAVIS, dba Jerry A. Davis, Ltd. & Northfork Quarter Horses, Appellant,

v.

Juan SEWELL, Appellee.

No. 9302.

Court of Appeals of Texas, Texarkana.

Aug. 6, 1985.

Charles Butler, Bonham, for appellant.

James Moss, Bonham, for appellee.

CORNELIUS, Chief Justice.

Juan Sewell brought suit to collect fees purportedly owed him by Jerry Davis pursuant to an oral contract for boarding and training four of Davis' quarter horses. Sewell also sought to establish and foreclose a livery stableman's lien. Davis counterclaimed for $4,500.00 allegedly owed him by Sewell for stud fees. In a non-jury

trial, the court awarded Sewell $16,000.00 and foreclosure of his lien, allowed Davis a $4,500.00 offset for breeding services, and awarded Sewell $4,000.00 attorney's fees. Findings of fact and conclusions of law were filed.

Davis argues that the judgment is not supported by the evidence because as of April 28, 1983, the date of Sewell's demand, the amount owed Sewell was offset by breeding fees Sewell owed him. We disagree. Testimony supports the court's finding that Sewell and Davis entered into an oral agreement for Sewell to board and train Davis' horses, and that $16,000.00 was owed to Sewell. Although the trial court allowed Davis $4,500.00 for stud fees on a quantum meruit basis, testimony supports the court's finding that there was no agreement for such fees and that each party was to breed his mares free. Thus, there was no offset due at the time Sewell's demand was made.

The evidence supports the trial court's finding of fact that Sewell was entitled to a stableman's lien. Tex.Rev.Prop. Code Ann. § 70.003 [1] (Vernon 1984). Contrary to Davis' contention, notice is not required. The lien arises by virtue of possession of the animals when money is owed for their care.

Davis argues, however, that the lien was defeated because two of the horses left Sewell's possession. The horses were in Sewell's pasture. Davis leased one-half of the pasture which was divided by a barbed wire fence. The fence was torn down and the horses got into the area leased by Davis. The horses were returned as soon as Sewell became aware of the problem. This temporary absence, without Sewell's consent, is not the kind of loss of possession which will defeat the lien. Cf.: *Caprock Indus., Inc. v. Wood,* 549 S.W.2d 430 (Tex.Civ.App.-Amarillo 1977, no writ); *Rainey v. Williams,* 273 S.W.2d 890 (Tex.Civ.App.-Austin 1954, no writ).

1. Formerly Tex.Rev.Civ.Stat.Ann. art. 5502 (Vernon 1958).

Davis also argues that attorney's fees should not have been awarded under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1985), because proper notice of the claim was not given. A demand for payment was made by Sewell's attorney on April 28, 1983. The case came to trial March 2, 1984. Expiration of thirty days between presentment of the claim and the time that the case actually comes to trial fulfills the notice requirement. *Peissel v. Peissel*, 620 S.W.2d 796 (Tex.Civ.App.- Houston [14th Dist.] 1981, no writ).

For the reasons stated, the judgment is affirmed.