# NO. 12-18-00095-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEANTAE BERRY,* *APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *ETX SUCCESSOR TYLER, F/K/A* *EAST TEXAS MEDICAL CENTER,* *APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Keantae Berry appeals the dismissal of her declaratory judgment action against ETX Successor Tyler, f/k/a East Texas Medical Center Tyler (ETMC). In two issues, Berry argues the trial court erred when it granted ETMC's motion to dismiss her claims under the Texas Citizens Participation Act (TCPA). We reverse and remand.

## BACKGROUND

In October 2016, Berry sought and received emergency room treatment at ETMC for injuries sustained in a motor vehicle collision. Because a third party was responsible for the accident and Berry's injuries, ETMC filed a lien pursuant to Chapter 55 of the Texas Property Code to give notice that it asserts a lien on all causes of action or claims pursued by Berry for damages arising from the motor vehicle collision. The hospital lien did not specify the amount to which ETMC believes it is entitled; however, the parties agree that ETMC seeks $16,751.50 for the balance of the emergency room services for which Berry was billed.

Berry settled her claim with the tortfeasor's insurance carrier for $30,000. Following the settlement, Berry sought to negotiate a payoff of the monies owed ETMC. In response to Berry's offer to pay $2,000.00, ETMC offered to reduce its emergency room bill to $11,726.05. When the parties were unable to reach an agreement, Berry filed a declaratory judgment action pursuant to

the Uniform Declaratory Judgments Act (UDJA). [1]  Specifically, Berry sought a declaration that ETMC's charges exceeded a reasonable and regular rate for the medical services provided and were not recoverable under Chapter 55 of the property code.  ETMC counterclaimed for the balance of the monies owed under various contractual and equitable theories.

ETMC also filed a motion to dismiss under the TCPA, alleging the Texas anti-SLAPP[2] statute applies to ETMC's filing of the hospital lien.  In its motion, ETMC asserted that Berry's lawsuit was in response to its rights of petition and free speech.  The trial court granted the motion to dismiss and awarded attorney's fees and costs to ETMC.  After ETMC nonsuited its counterclaims against Berry, the motion to dismiss became a final order.  This appeal followed.

## TEXAS CITIZENS PARTICIPATION ACT

In two issues, Berry asserts the trial court erred in granting the motion to dismiss. Specifically, she contends the TCPA does not apply because ETMC's hospital lien falls under the "commercial speech" exemption.  She further argues that, if the TCPA does apply, she presented a prima facie case in support of her cause of action against ETMC.

### Standard of Review

We review questions of statutory construction de novo.  *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011).  As such, we review a trial court's ruling on a TCPA motion to dismiss de novo.  *Lane v. Phares*, 544 S.W.3d 881, 886 (Tex. App.−Fort Worth 2018, no pet.).  Specifically, we consider de novo whether each party met its respective burden under the TCPA's two-step dismissal mechanism.  *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 873 (Tex. App.−Austin 2018, pet. filed).  In our review, we consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.  TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a); *Campbell v. Clark*, 471 S.W.3d 615, 623 (Tex. App.−Dallas 2015, no pet.).  We view the pleadings and evidence in the light most favorable to the nonmovant when determining whether the TCPA applies.  *Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 214 (Tex. App.−Houston [1st Dist.] 2014, no pet.).

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 - .011 (West 2015).

[2] The TCPA is considered an anti-SLAPP statute.  Anti-SLAPP stands for "strategic lawsuit against public participation." *Jennings v. WallBuilder Presentations, Inc.*, 378 S.W.3d 519, 521 n.1 (Tex. App.—Fort Worth 2012, pet. denied).

**Applicable Law**

The purpose of the TCPA is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West 2015). Although we construe the TCPA liberally "to effectuate its purpose and intent fully," it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case or common law or rule provisions." *Id.* § 27.011 (West 2015).

The TCPA provides a two-step procedure for early dismissal of claims brought to intimidate or to silence a defendant's exercise of its First Amendment rights. *Id*. § 27.003; ***ExxonMobil Pipeline Co. v. Coleman***, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam). Under the first step, a movant seeking dismissal under the TCPA has the burden to show by a preponderance of the evidence that the nonmovant's legal action is based on, relates to, or is in response to the movant's exercise of the right of free speech, the right to petition, or the right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). If the movant makes this showing, the burden shifts to the nonmovant to establish a prima facie case for each essential element of the claim in question. *Id*. § 27.005(c). However, the movant may still obtain a dismissal if it establishes each essential element of a valid defense to the nonmovant's claim. *Id*. § 27.005(d). When determining whether to dismiss the legal action, the court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id*. § 27.006(a) (West 2015).

**Applicability of the TCPA**

ETMC contends that Berry's lawsuit is based on, relates to, and is in response to ETMC's filing the hospital lien. As a result, it argues that Berry's cause of action is based on ETMC's exercise of its right to petition and its exercise of its right to free speech.

The TCPA broadly defines "exercise of the right to petition." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4). The statutory definition includes "a communication in or pertaining to . . . a judicial proceeding [or] an official proceeding, other than a judicial proceeding, to administer the law[.]" *Id.* § 27.001(4)(A)(i), (ii). "Official proceeding" means "any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant." *Id.* § 27.001(8). In addition, "exercise of the right to petition" includes "any other

3

communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state." *Id.* § 27.001(4)(E).

The TCPA defines "exercise of the right of free speech" as a communication made in connection with a matter of public concern. *Id*. § 27.001(3) (West 2015). A "matter of public concern" includes an issue related to health or safety; environmental, economic, or community well-being; the government; a public official or public figure; or a good, product, or service in the marketplace. *Id.* § 27.001(7). A "communication" is defined to include "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). The TCPA does not discriminate between public and private communications as long as they are made in connection with a matter of public concern. ***Lippincott v. Whisenhunt***, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). The TCPA statutory analysis is not dictated by traditional First Amendment constitutional limitations. *See **ExxonMobil Pipeline Co. v. Coleman***, 512 S.W.3d 895, 900 (Tex. 2017) (per curiam). Rather, we must apply the plain meaning of the TCPA as written, absent an ambiguity. *See **id.*** (holding court of appeals erred when it failed to apply the plain meaning of the statute by adding requirements not contained in TCPA).

A hospital has a lien on a cause of action or claim of an individual who receives hospital services for injuries caused by an accident that is attributed to the negligence of another person. TEX. PROP. CODE ANN. § 55.002(a) (West 2014). The hospital lien statute provides hospitals an additional method of securing payment from accident victims, encouraging their prompt and adequate treatment. ***McAllen Hosps., L.P. v. State Farm Cty. Mut. Ins. Co. of Tex.***, 433 S.W.3d 535, 537 (Tex. 2014). Subject to certain conditions, a hospital has a lien on the cause of action of a patient "who receives hospital services for injuries caused by an accident that is attributed to the negligence of another person." *Id.;* TEX. PROP. CODE ANN. § 55.002(a) (West 2014). The lien attaches to the patient's cause of action against the third party, a trial court's judgment or public agency's decision in a proceeding brought by the patient, and the proceeds of a settlement of the patient's cause of action. TEX. PROP. CODE ANN. § 55.003(a) (West 2014). To secure the lien, the hospital must provide notice to the injured individual and file written notice of the lien with the county clerk of the county in which the services were provided. *Id*. § 55.005 (West 2014).

ETMC's filing of written notice of the hospital lien fits within the definition of communication. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(1). The lien, as an attempt to obtain

4

payment for medical services, relates to health. *See* TEX. PROP. CODE ANN. § 55.002. The provision of medical services by a health care professional constitutes a matter of public concern. *Lippincott*, 462 S.W.3d at 510. Further, the statute's purpose in obtaining treatment for accident victims affects community well-being. *See McAllen Hosps., L.P.*, 433 S.W.3d at 538; s*ee also Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 309 (Tex. 1985). Accordingly, ETMC's filing of the hospital lien was an exercise of its right to free speech. Berry's declaratory judgment action, in which she seeks a declaration that the emergency room charges were not reasonable under the hospital lien statute, is in response to ETMC's exercise of its right of free speech.[3]

## Commercial Speech Exemption

Berry argues that her declaratory judgment action is exempt from a TCPA analysis due to the application of the commercial speech exemption. The TCPA does not apply to "a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer." TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(b) (West 2015). The party asserting the exemption has the burden of proving its applicability. *Kirkstall Road Enters., Inc. v. Jones*, 523 S.W.3d 251, 253 (Tex. App.−Dallas 2017, no pet.).

The Texas Supreme Court recently clarified the scope of the commercial speech exemption. *See Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 687-89 (Tex. 2018). The exemption applies "when (1) the defendant was primarily engaged in the business of selling or leasing goods [or services], (2) the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services, (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides, and (4) the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of goods or services the defendant provides." *Id.* at 688.

ETMC contends the exemption does not apply because it is not primarily engaged in the business of selling or leasing goods or services. It asserts that it is primarily in the business of treating sick and injured people and the selling of goods and services is ancillary to its primary

---

[3] Because ETMC met its burden to show Berry's suit is in response to the exercise of the right of free speech, we need not address whether ETMC's exercise of the right to petition has been implicated. *See* TEX. R. APP. P. 47.1.

purpose. ETMC does not contend that it does not charge for its services. As demonstrated by its lien filing, attempting to have Berry's declaratory judgment action dismissed, and countersuing to recover the balance of the emergency room bill, ETMC wants to be paid.

The business of selling or leasing goods or services and the business of treating sick and injured people are not mutually exclusive activities. ETMC filed the hospital lien in its capacity as a seller of health services and the lien arose out of a commercial transaction involving ETMC's health services. We conclude ETMC participated in the business of selling goods or services in the context of treating sick and injured people.

ETMC also argues that the commercial speech exemption does not apply because Berry was not the intended audience of the lien. ETMC argues that the intended audience of the hospital lien is the third-party tortfeasor, and the public in general, instead of Berry. Berry argues that she is the intended audience and points to ETMC's counterclaim seeking satisfaction of the lien from her settlement proceeds in support of her position. We agree with Berry. The lien attaches to the personal injury lawsuit Berry had against the person who caused her injuries, the judgment arising out of that lawsuit, or the proceeds of a settlement of her cause of action. *See* TEX. PROP. CODE ANN. § 55.003(a).

The lien is "part and parcel" of the underlying claim and only exists because of the claim. ***Daughters of Charity Health Servs. of Waco v. Linnstaedter***, 226 S.W.3d 409, 411 (Tex. 2007). "As a chose in action is the intangible personal property of the claimant, a lien against such property is necessarily a claim against its owner." ***Id.*** The only support for a hospital lien is its claim for reimbursement from the patient because the hospital lacks tort and contract rights against a third-party tortfeasor. ***Id.*** Therefore, "a lien against a patient's tort recovery is just as much a claim against the patient as if it were filed against the patient's house, car, or bank account." ***Id.*** The only true support for a hospital lien is via a claim for reimbursement from Berry, and a claim against Berry's settlement proceeds is necessarily a claim against her. *See **id.*** Therefore, we can only conclude that the intended audience of the hospital lien includes Berry, and consequently, the commercial speech exemption applies to ETMC's conduct. ***East Tex. Med. Ctr. v. Hernandez***, No. 12-17-00333-CV, 2018 WL 2440508, at *4 (Tex. App.—Tyler May 31, 2018, pet. denied) (mem. op.); *see also **Castleman***, 546 S.W.3d at 688; TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(b).

In summary, ETMC was primarily engaged in the business of selling goods or services, that is, healthcare. ETMC filed the lien in its capacity as seller of healthcare, and the lien arose out of a commercial transaction involving ETMC's provision of healthcare to Berry, who was an intended audience of the lien. *See **Castleman***, 546 S.W.3d at 688. We conclude that the commercial speech exemption applies here, and Berry's declaratory judgment action is exempt from application of the TCPA's dismissal scheme. Therefore, the trial court erred in granting ETMC's motion to dismiss.

## Prima Facie Case

We further conclude, even assuming the commercial speech exemption does not apply, Berry established by clear and specific evidence a prima facie case for each essential element of her claim.

The trial court may not dismiss a legal action pursuant to the TCPA if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). "Clear" means unambiguous, sure or free from doubt, and "specific" means explicit or relating to a particular named thing. ***S & S Emerg. Training Solutions, Inc. v. Elliott***, No. 17-0628, 2018 WL 6711322, at *3 (Tex. Dec. 21, 2018). "Prima facie case" as used in the statute means evidence that is legally sufficient to establish a claim as factually true if it is not countered. ***Id.*** It is "the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." ***In re Lipsky***, 460 S.W.3d 579, 590-91 (Tex. 2015) (orig. proceeding). The "clear and specific evidence" requirement does not impose an elevated evidentiary standard, nor does it categorically reject circumstantial evidence. ***Id***. at 591. But it requires more than mere notice pleading. ***Id.*** at 590-91. Instead, a plaintiff must provide enough detail to show the factual basis for its claim. ***Id***. at 590.

ETMC argues that because Berry seeks a declaration that ETMC's charges exceed the reasonable and regular rate for the services provided, she must prove the charges exceed the reasonable and regular rate. We disagree. For purposes of determining whether Berry established by clear and specific evidence a prima facie case for each essential element of her declaratory

7

judgment action in the context of ETMC's motion to dismiss, the reasonableness of the lien amount is not the issue Berry must address.[4]

Berry filed a declaratory judgment action under the UDJA. The UDJA is a procedural device available as a remedy. *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996) (per curiam) (orig. proceeding). The UDJA's purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b). A person whose rights are affected by a statute may have determined any question of construction or validity arising under the statute and obtain a declaration of rights, status, or other legal relations under the statute. *Id*. § 37.004(a). Thus, a declaratory judgment is appropriate when a justiciable controversy exists concerning the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). A justiciable controversy is one in which a real and substantial controversy exists involving a genuine conflict of tangible interest and not merely a theoretical dispute. *Id*.

Therefore, we evaluate the pleadings and evidence adduced in connection with ETMC's motion to dismiss to determine whether Berry established a prima facie case by clear and specific evidence that (1) a justiciable controversy exists as to the rights and status of the parties under the hospital lien statute and (2) the controversy will be resolved by the declaration sought. *See Perez v. Quintanilla*, No. 13-17-00143-CV, 2018 WL 6219627, at *4 (Tex. App.−Corpus Christi Nov. 29, 2018, no pet.) (mem. op.); *Dolcefino v. Cypress Creek EMS*, 540 S.W.3d 194, 201 (Tex. App.−Houston [1st Dist.] 2017, no pet.); *Cosmopolitan Condo. Owners Ass'n v. Class A Inv'rs Post Oak, LP*, No. 01-16-00769-CV, 2017 WL 1520448, at *4 (Tex. App.−Houston [1st Dist.] April 27, 2017, pet. denied) (mem. op.).

In her action, Berry seeks a declaration that ETMC's charges, and the amount of the lien, exceeds the reasonable and regular rate for the same or similar services. She alleges that ETMC's charges are inconsistent with what it would have accepted for the same service from Medicare,

---

[4] In light of our recent opinion in *ETMC v. Pridgeon*, No. 12-18-00083-CV, 2019 WL 623603 (Tex. App.—Tyler Feb. 14, 2019, no pet. h.), our analysis of the requirement to prove a prima facie case here differs from our analysis of this issue in *E. Tex. Med. Ctr. v. Hernandez*, No. 12-17-00333-CV, 2018 WL 2440508 (Tex. App.–Tyler May 31, 2018, pet. denied) (mem. op.). In *Pridgeon*, we addressed Pridgeon's assertion that she sought a declaration of nonliability for the excessive portion of ETMC's bill and her burden was to show a justiciable controversy that will be resolved by the declaration sought. *Pridgeon*, 2019 WL 623603, at *3 n.4. This argument was not raised in *Hernandez*, nor is it raised in the present case. Nevertheless, we will read both cases together when analyzing whether Berry established by clear and specific evidence a prima facie case for each essential element of her claim.

Medicaid, or a private health insurer. As a result, she contends the charges are not reasonable and, therefore, not recoverable under Texas Property Code Section 55.004(d)(1) which limits the amount of a hospital lien to the "reasonable and regular rate for the services."

Considering the pleadings in the light most favorable to Berry, it is a request for the court to construe the hospital lien statute and determine whether or not the statute requires the amount of a lien to be limited to a reasonable and regular rate for the services rendered. In doing so, she is requesting the court determine the valid amount of ETMC's lien and find that payment of that amount will completely extinguish the debt covered by the lien. Thus, in her declaratory judgment action Berry sought her rights under the hospital lien statute construed. Her burden then was to establish that a justiciable controversy exists as to the rights of the parties with respect to construction of the hospital lien statute and to show that the controversy will be resolved by the declaration sought.

While a mere difference of opinion does not create a justiciable controversy, under the circumstances of this case, what the statute allows the lien to attach to is at the crux of the parties' dispute. *See Allstate Indem. Co. v. Mem'l Hermann Health Sys.*, 437 S.W.3d 570, 575-76 (Tex. App.–Houston [14th Dist.] 2014, no pet.) (held, in context of standing dispute, insurance company's declaratory judgment action concerning the construction of the hospital lien statute, including its right to challenge the reasonableness of billed services, presented a justiciable controversy which will be resolved by the declaration sought). Further, whether the statute requires the amount of the lien to be a reasonable and regular rate is the question of statutory construction before the trial court. Statutory construction is a purely legal question that does not involve evidentiary issues or burdens of proof. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989) (per curiam).

ETMC's argument that it is Berry's burden to prove that the lien amount exceeds the reasonable and regular rate for the services provided is misplaced. Fact issues in declaratory judgment proceedings may be tried and determined in the same manner that issues of fact are tried and determined in other civil actions. TEX. CIV. PRAC. & REM. CODE ANN. § 37.007. If, upon hearing the merits of Berry's declaratory judgment action, the trial court undertakes a determination as to what constitutes reasonable and regular charges for the services provided, the burden to prove what is reasonable will not be on Berry. The burden of proof in a declaratory judgment action is on the party asserting an affirmative claim and who in the absence of evidence

9

will be defeated. ***Berthelot v. Brinkmann***, 322 S.W.3d 365, 369 (Tex. App.−Dallas 2010, pet. denied). Berry, who is seeking a declaration of nonliability as to a portion of the bill, does not have the burden to prove the amount of the bill. *See **McCart v. Cain***, 416 S.W.2d 463, 466 (Tex. Civ. App.−Fort Worth 1967, writ ref'd n.r.e.).

Furthermore, ETMC brought a counterclaim against Berry. A hospital attempting to recover sums owed pursuant to a hospital lien bears the burden of proving the amount owed. *See **Dallas Cty. Hosp. Dist. v. Perrin***, 694 S.W.2d 257, 260 (Tex. App.−Dallas 1985, writ ref'd n.r.e.) (holding that, in case involving earlier version of hospital lien statute, hospital has burden of proving its charge was not more than a reasonable and regular rate for services billed); *see also **Linnstaedter***, 226 S.W.3d at 412 (holding that the Texas Property Code allows reimbursement of a reasonable and regular rate). Whether there is, or is not, a requirement that the amount owed is reasonable, in the absence of proof of the amount owed, ETMC cannot recover. Thus, Berry established a prima facie case as to the first element of her declaratory judgment action. *See **Dolcefino***, 540 S.W.3d at 201.

As to the second element, ETMC does not argue that, if a justiciable controversy exists, the requested declaratory judgment will not resolve it. A determination of the correct interpretation and application of the hospital lien statute will resolve the parties' dispute as to the amount owed and covered under the lien. *See **Allstate Indem. Co.***, 437 S.W.3d at 575-76. Specifically, Berry will know if she is responsible for the full amount of the emergency room bill or some lesser amount. The lien will only attach to the amount found to be reasonable and when paid, the lien will be extinguished. We conclude that Berry met her burden to show that the controversy would be resolved by the declarations sought. *See **Dolcefino***, 540 S.W.3d at 201.

Even if Berry was required to present clear and specific evidence that charges on her emergency room bill were unreasonable to avoid dismissal, she did so in this case. The hospital lien statute allows the hospital to recover the full amount of the lien, subject only to the right to question the reasonableness of the charges comprising the lien. ***In re N. Cypress Med. Ctr. Operating Co., Ltd.***, No. 16–0851, 2018 WL 1974376, at \*2 (Tex. April 27, 2018) (orig. proceeding, not yet released for publication). As the Texas Supreme Court has noted, a "two-tiered" healthcare billing structure has evolved over the last several decades. *Id.* at \*3. These tiers encompass "list" or "full" rates, which are sometimes charged to uninsured patients yet frequently uncollected, and "reimbursement rates" for patients covered by government and private insurance.

*Id.* Because a valid hospital lien may not secure charges that exceed a reasonable and regular rate, the issue involves what constitutes a reasonable and regular rate. *Id.* at \*4. And because of the evolution of list prices, the charges themselves are not dispositive of what is reasonable, irrespective of whether the patient being charged has insurance. *Id.* This fact makes the amounts a hospital accepts as payment from other patients, including those covered by private insurance and government benefits, relevant to whether the charges encompassed in a hospital lien are reasonable. *Id.* at \*7.

In response to ETMC's motion to dismiss, Berry did not present any affidavits. However, attached to her petition was ETMC's bill which itemized the emergency room services provided to Berry and the charges for those services. As an attachment to the petition, the itemized bill was part of the pleadings which we review. TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a); *Campbell v. Clark*, 471 S.W.3d 615, 623 (Tex. App.−Dallas 2015, no pet.). We view the pleadings and evidence in the light most favorable to the nonmovant when determining whether the TCPA applies. *Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 214 (Tex. App.−Houston [1st Dist.] 2014, no pet.).

The charges listed on ETMC's bill total $16,911.50 which shows no adjustments other than a payment of $160. However, the bill reflects three separate identical charges on the same date for a cervical collar. Regardless of what represents a reasonable charge for a cervical collar, it would not be reasonable for there to be duplicate billing for the same medical device or equipment. Though ETMC presents alternative explanations for the multiple entries on the bill, the trial court's role is not to act as a factfinder and to resolve opposing reasonable inferences in determining whether the plaintiff satisfies the prima facie proof requirement. *See Dallas Morning News, Inc. v. Hall*, 524 S.W.3d 369, 378 (Tex. App.—Fort Worth 2017, pet granted). Instead, the court determines whether the nonmovant met his burden to produce evidence sufficient to present a prima facie case as required by the TCPA, some of which may include relevant evidence from which more than one reasonable inference may be drawn. *See id.* The apparent duplicate entries are evident on the face of the bill and need no further explanation to satisfy the statute's evidentiary burden. *See Serafine v. Blunt*, 466 S.W.3d 360 (Tex. App.—Austin 2015, no pet.) (TCPA does not require testimony or other evidence to satisfy evidentiary burden).

Under these circumstances, we conclude the itemized bill attached to Berry's petition presented the minimum quantum of evidence necessary to support a rational inference that at least

some of the charges for services provided to Berry were improperly duplicated and represents clear and specific evidence of a prima facie case that ETMC's charges exceed the reasonable and regular rates in violation of the Texas Property Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *see also **Lipsky***, 460 S.W.3d at 590–91.

**Affirmative Defense**

We also address ETMC's assertion that, even if Berry presented a prima facie case, it is still entitled to dismissal because it proved the affirmative defenses of quasi-estoppel and estoppel by contract.[5] Assuming the commercial speech exemption did not apply, ETMC would have been entitled to dismissal of Berry's suit if ETMC established a valid defense to her claim by a preponderance of the evidence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d).

Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. ***Lopez v. Munoz, Hockema & Reed, L.L.P.***, 22 S.W.3d 857, 864 (Tex. 2000). The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which she acquiesced, or from which she accepted a benefit. ***Sampson Exploration, LLC v. T.S. Reed Props., Inc***., 521 S.W.3d 766, 778 (Tex. 2017). According to ETMC, Berry's declaratory judgment action disputing the reasonableness of the emergency room medical bill is inconsistent with the position she took while negotiating her $30,000 settlement with the tortfeasor's insurance carrier. ETMC asserts that Berry relied on the full amount of the ETMC emergency room bill to maximize her recovery from the tortfeasor and is now claiming those charges are excessive when it is time to pay that bill.

The doctrine of estoppel by contract provides that a party is bound by the terms of his contract until it is set aside by fraud, accident, or mistake. ***Royalco Oil & Gas Corp. v. Stockhome Trading Corp.***, 361 S.W.3d 725, 732 (Tex. App.–Fort Worth 2012, no pet.). ETMC asserts that it proved estoppel by contract because Berry contractually assigned all money due to her pursuant to the settlement up to the total amount of her ETMC account and is now barred from contesting the amount of those charges which she used to obtain her settlement.

ETMC's reliance on both these affirmative defenses is misplaced. As explained above, Berry's claim in this case is a request for construction of the hospital lien statute. Quasi-estoppel

---

[5] Contrary to ETMC's argument that Berry waived her right to appellate review of the affirmative defense of estoppel by contract, a liberal view of her briefing reflects estoppel by contract, as a subsidiary of quasi-estoppel, was adequately addressed in her initial briefing. *See* TEX. R. APP. P. 38.1(F); ***Nabors Well Service, Ltd. v. Romero***, 508 S.W.3d 512, 528 (Tex. App.—El Paso 2016, pet. denied).

and estoppel by contract do not address whether there is a justiciable controversy or whether a justiciable controversy will be resolved by the declaratory judgment suit. The defenses ETMC asserts address the amount of the hospital lien as it pertains to the reasonableness of the charges, a question not at issue here.

Berry assigned her right to payments of any proceeds, including settlement proceeds, to ETMC before receiving treatment. She submitted charges for the medical services received at ETMC to the tortfeasor's insurance carrier as part of her damages claim. However, the record is devoid of evidence as to what was submitted to the carrier and the elements and amounts which comprised Berry's damages model. ETMC was not a party to the settlement, and, even if it were, settlement negotiations are inadmissible to prove or disprove the amount or validity of a disputed claim. *See* TEX. R. EVID. 408. However, we note that the settlement negotiations may be admissible in the limited context of demonstrating Berry's reliance on the bill for the purposes of quasi-estoppel. But to assume that ETMC's emergency room bill was the only evidence of damages submitted to the tortfeasor's carrier and formed the entire basis of Berry's settlement is shortsighted and unrealistic. Because ETMC failed to demonstrate that Berry maintained a position inconsistent with one to which she acquiesced, or from which she accepted a benefit, ETMC failed to establish its affirmative defense of quasi-estoppel or estoppel by contract by a preponderance of the evidence. *See id*.; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d).

**Conclusion**

Because filing the hospital lien is an exercise of free speech and Berry's declaratory judgment suit was a response to the lien, the TCPA applies. However, Berry's suit is exempt from the TCPA's dismissal provisions due to application of the commercial speech exemption. Additionally, Berry avoids dismissal because she met her burden to prove her prima facie case and ETMC did not raise any viable affirmative defenses to Berry's declaratory judgment suit. For all the above reasons, we conclude that the trial court erred in granting ETMC's motion to dismiss. We sustain Berry's two issues.

**DISPOSITION**

Having sustained Berry's two issues, we *reverse* the trial court's order granting ETMC's motion to dismiss and awarding attorney's fees and *remand* this case to the trial court for further proceedings consistent with this opinion.

13

**GREG NEELEY**
Justice

Opinion delivered February 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

14



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

FEBRUARY 28, 2019

NO. 12-18-00095-CV

**KEANTAE BERRY,**
Appellant
V.
**ETX SUCCESSOR TYLER, F/K/A**
**EAST TEXAS MEDICAL CENTER,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 17-2059-A)

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** and that all costs of this appeal are hereby adjudged against the Appellee, **ETX SUCCESSOR TYLER, F/K/A EAST TEXAS MEDICAL CENTER,** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J..*